## R. Battle v. The State.

### No. 10505.   Delivered January 12, 1927.

#### 1.—Transporting Intoxicating Liquor—Evidence—Search and Seizure—Statute Construed.

Where appellant, while driving an automobile along a public highway, was stopped and arrested by officers, without a warrant, and on a search being made of the car, 205 bottles of whiskey were found concealed under the front and rear seats, the building of the said compartments under the seats having so altered their appearance as to arouse the suspicion of the officers, such search was not an unlawful search and seizure, as is inhibited by the laws of this state.

#### 2.—Same—Continued.

Art. 690, P. C. of 1925, provides that any automobile used for the unlawful transportation of intoxicating liquor is a public nuisance. and any automobile so used in the presence or view of a peace officer of this state shall be seized, without a warrant. This article, construed in connection with the provisions of the constitution and statutes forbidding . search and seizure without probable cause, will sanction the receipt in evidence of the testimony showing the result of the seizure in this case.

#### 3.—Same—Search and Seizure—Rule Stated.

The uniform rule controlling state courts in passing upon the seizure of an automobile containing intoxicating liquor without warrant is that the search of an automobile upon the public highway may be made without warrant when the seizing officer has knowledge or information of facts constituting probable cause. The legality of the search is to be determined alone upon the existence of probable cause before the search is made, and is not to be justified through knowledge ascertained through the search. See Landa v. Obert, 45 Texas 539; Carroll v. United States, 69 Law Ed. 543.

#### 4.—Same—Continued.

The right to search and the validity of the seizure are dependent on the reasonable cause the seizing officer has for belief that the contents of the automobile offend against the law, that is to say upon a reasonable ground of suspicion, supported by circumstances sufficiently strong in

themselves, to warrant a cautious man in the belief that the person accused is guilty of the offense suspected. Whether probable cause existed to authorize the search is largely a question of fact.

Appeal from the District Court of Harrison County. Tried below before the Hon. P. O. Beard, Judge.

Appeal from a conviction for transporting intoxicating liquors; penalty, two years in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE. — The offense is unlawfully transporting intoxicating liquor; punishment fixed at confinement in the penitentiary for a period of two years.

In bill of exceptions No. 3 complaint is made of the receipt of the testimony of Officers Glasscock and Ezell to the effect that upon the search of the appellant's automobile it was found to contain 205 bottles of whiskey.

Opposing the legality of the receipt of the testimony of the officers in question. Appellant relies on Art. 1, Sec. 9, of the bill of rights forbidding unreasonable searches and seizures without probable cause supported by oath or affirmation, and on Chapter 149, Acts of 39th Leg., which reads thus:

"It shall be unlawful for any person or peace officer, or state ranger, to search the private residence, actual place of habitation, place of business, person or personal possessions of any person, without having first obtained a search warrant as required by law."

And Chapter 49, Acts of the same session, which reads:

"No evidence obtained by an officer or other person in violation of any provision of the constitution or laws of the State of Texas, or of the United States of America, shall be admitted in evidence against the accused on trial of any criminal case."

In Article 690, P. C., 1925, it is declared that any automobile used for the unlawful transportation of intoxicating liquor is a public nuisance, and any automobile used in the presence or view of a peace officer of this state for the unlawful transportation of intoxicating liquor shall be seized without a warrant. This article, construed in connection with the provision of the constitution forbidding searches and seizures without probable cause, is, in our judgment, sufficient authority to sanction the

receipt in evidence of the testimony showing the result of the search in the present case, provided the search was made upon probable cause, that is to say, upon "a reasonable ground of suspicion supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person accused is guilty of the offense with which he is charged." (Landa v. Obert, 45 Tex. Crim. Rep. 539.)

In the case of Carroll v. United States, 69 Law Ed. 543, it is said:

"On reason and authority the true rule is that if the search and seizure without a warrant are made upon probable cause, that is, upon a belief, reasonably arising out of circumstances known to the seizing officer, that an automobile or other vehicle contains that which by law is subject to seizure and destruction, the search and seizure are valid."

It is also said:

"It would be intolerable and unreasonable if a prohibition agent were authorized to stop every automobile on a chance of finding liquor, and thus subject all persons lawfully using the highways to the inconvenience and indignity of such a search."

And further:

"The right to search and the validity of the seizure are not dependent on the right to arrest. They are dependent on the reasonable cause the seizing officer has for belief that the contents of the automobile offend against the law."

The uniform rule controlling the state courts in holding the seizure legal, as well as those holding it illegal, is in consonance with the announcement in Carroll v. United States, supra. That is to say, that the search of an automobile upon the public highway may be made without warrant where the seizing officer has knowledge or information of facts constituting "probable cause" as above defined. The legality of the search is to be determined alone upon the existence of "probable cause" *before* the search is made, and is not to be justified by knowledge ascertained through the search. The search cannot be justified upon mere suspicion.

The bill of exceptions under consideration, as prepared and presented to the trial judge, recites that after the state had shown that the appellant was traveling in an automobile at a lawful rate of speed, he was arrested by the officers, and that from a casual look at the car the officers could not tell what was in it, and that no whiskey or the semblance thereof, was

apparent from a casual look at the car, and that there was no testimony that it was suspected as containing whiskey. If there was nothing before this court touching the legality of the search of the car other than the above-mentioned recitals, we would be constrained to hold the search illegal. The bill of exceptions, however, was not approved by the trial judge without qualification, but is qualified by the statement that the witness testified "that the car was specially built and he could tell by the looks of it." The bill coming here thus qualified and containing the statement that not all of the evidence which moved the judge to admit the testimony was embraced in the bill, this Court finds it necessary to look at the evidence.

From the testimony of the witness Ezell, the following is quoted:

"It was a Dodge touring car with false apartment in the back part of the front seat, also the back seat. There was a hole cut into the back of the front seat where you could get the whiskey down into, where the springs should have been. It was built out; you could notice by looking at the car built out, heavier than ordinary car, that was; the back of the seat, you could notice the back seat had been set back further than it was when the car was built, had been moved back; had to take the inside handles of the door off so could shut it because the seat had been set back and couldn't fasten with handles on it. Between the drive shaft and frame was the tin box or troft and underneath the front and under the back seat was a place for the whiskey."

At just what stage of the matter the facts recited by Ezell came to his attention is not made as clear as could be desired. As stated in Carroll v. United States, supra, the law required that probable cause exist antecedent to the search. The qualification of the bill of exceptions and the ruling of the trial judge admitting the testimony implies that the evidence disclosed that the officers had sufficient information to constitute probable cause before the search. In other words, the correctness of the court's ruling is regarded correct unless the contrary is shown by the record. The testimony which has been quoted is deemed sufficient to warrant the officers in searching the appellant's automobile, and to warrant the court in receiving the testimony relating to the result of the search. Whether "probable cause" existed to authorize the search is largely a question of fact. We would not feel warranted in holding, as a matter of law, that "probable cause" was not shown to have existed in the present instance.

The judgment is affirmed.                    *Affirmed.*