### JOHN STRALEY V. THE STATE.

No. 10153.   Delivered January 26, 1927.

1.—Transporting Intoxicating Liquor—Evidence—Motion to Suppress—Not Proper Practice.

Where, on a trial for transporting intoxicating liquor, appellant filed a motion to suppress the evidence on the ground that it was secured by officers without a search warrant, such motion was properly overruled. This court has held that such a motion is not the proper practice under the procedure in this state. See Foster v. State, 282 S. W. 600.

2.—Same—Misconduct of Jury—Not Shown.

Where a jury, after having agreed on a verdict of guilty, were considering the punishment to be inflicted and discussed the amount of time allowed a convict for good behavior, there was no such misconduct in their doing so, as would warrant the reversal of the case. Following Jack v. State, 20 Tex. Crim. App. 660, and Todd v. State, 93 Tex. Crim. Rep. 567.

3.—Same—New Trial—Newly Discovered Testimony—Properly Refused.

Where appellant in his motion for a new trial presents as grounds therefor the newly-discovered testimony of a witness, and it appears that such testimony would not have been admissible if offered on the trial, the motion was properly overruled.

4.—Same—Search and Seizure—Held Proper.

Where the evidence disclosed that the officers had been informed that an automobile bearing a certain number was being used in the unlawful transportation of intoxicating liquor, and on discovering said car, which was being driven by appellant, observed another occupant of the car to kick two one-gallon jars of whiskey out of the car, there was no necessity for the

officers to stop and search the car and arrest the occupants to have a search warrant. See Battle v. State, No. 10550, not yet reported; Art. 690, P. C., and Odenthal v. State, No. 9927, not yet reported.

Appeal from the District Court of Bell County. Tried below before the Hon. Lewis H. Jones, Judge.

Appeal from a conviction for transporting intoxicating liquor, penalty one year and six months in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*Sam D. Stinson*, State's Attorney, and *Robert M. Lyles*, Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted in the District Court of Bell County for the offense of unlawfully transporting intoxicating liquor, and his punishment assessed at one year and six months in the penitentiary.

The record discloses that the officers in Temple had been informed on the day preceding the alleged offense and arrest of the appellant that there was a certain automobile in Temple which was used in transporting intoxicating liquor from Waco to Temple, and the number of said automobile was furnished to the officers. They were further informed that this car would return to Temple on the following morning about 9 o'clock. The next morning, acting upon this information, the officers, Fisher and Coleman, drove out on the pike running from Temple toward Waco and met a Ford coupe bearing the same number that was furnished to them on the preceding day. This car was driven by the appellant, in company with one Ed Hayes, and was coming from the direction of Waco. The officers followed the automobile and observed that the appellant would abandon the pike and drive around the small towns located on the main highway. After following the car for some distance, the officers requested the occupants thereof to stop, stating that they wanted to talk to them. Immediately following the request and before the car was stopped, Hayes opened the car door and kicked out of the car two one-gallon containers filled with whiskey. One of the containers was broken and the other was seized by the officers, and the appellant and Hayes were arrested. The appellant defended upon the ground, and so testified, that he had no interest in said car, that he was riding therein with the permission of Hayes and was driving at Hayes' request, and that he did not know that the packages contained whiskey.

We find seven bills of exception in the record. Bill No. 1 complains of the action of the court in refusing to sustain his motion to suppress the evidence of the officers, Fisher and Coleman, because they did not possess a search warrant authorizing them to search the automobile in question. There is no merit in this contention. This court has held that such a motion is not the proper practice under the procedure of this state. Foster v. State, 282 S. W. 600.

Bill of exception No. 2 complains of the alleged misconduct of the jury, in that the jury, while deliberating on the verdict and in seeking to arrive at the amount of punishment, discussed the fact that if the appellant properly conducted himself while in the penitentiary, he could serve a two-year sentence in about fifteen months. The record discloses that the jury agreed as to the guilt of the appellant upon the first ballot, but were divided on the penalty, some thinking a year would be sufficient while others were insisting on two years, and it was over this contention that the above statement was made. We fail to see wherein the conduct complained of was more than an argument indulged in by the jury, and think it furnishes no basis for a reversal of the case, under the authority of Jack v. State, 20 Tex. Crim. App. 660; Todd v. State, 93 Tex. Crim. Rep. 567, on rehearing.

Bill of exception No. 3 complains of the refusal of the court to grant a new trial on the ground of newly discovered evidence. The appellant alleges that upon another trial he could show by one Jarvis H. Field of Waco, that he rented the car in question to Ed Hayes, and that after the arrest of Hayes and appellant and after both parties had made bond, Hayes informed him that the appellant had nothing to do with the whiskey in question and was innocent. It appears that appellant's wife, after his conviction, was informed by Field as to the statement made by Hayes to him, and that prior thereto he had not communicated said statement to the appellant or his counsel. The court, in approving this bill, states that said alleged testimony was hearsay and not admissible. We are of the opinion that the court committed no error in refusing to grant the motion, and that if Field had been present and had offered to testify, said testimony would have been inadmissible for the reasons stated by the trial court.

Bills Nos. 4, 5, 6 and 7 complain of the action of the court in permitting the state to introduce in evidence the testimony of the officers, Fisher and Coleman, relative to their information about the car, their meeting the appellant and Hayes and following them, and seeing Hayes kick the whiskey out of the automo-

bile, because the officers did not have a search warrant.   We are unable to agree with this contention.   The evidence, without contradiction, shows that the officers had been informed that this car, or a car bearing the same number, was being used for the unlawful transportation of whiskey, and that while the officers were driving behind appellant and Hayes before the arrest, they observed Hayes kick the whiskey out of the car and knew that the automobile was unlawfully carrying intoxicating liquor.   We think this information was sufficient to authorize the search of the car and premises adjacent thereto, the seizure of the whiskey, and the arrest of appellant and Hayes without a search warrant.   In the case of Battle v. State, No. 10550, this court, speaking through Judge Morrow, in construing the statutes relative to search and seizure, and Art. 690, P. C., authorizing officers without a search warrant to seize an automobile when used in their presence and view for the unlawful transportation of intoxicating liquors, fully analyzes all of the contentions made by the appellant on this issue, and states:

" * * * the search of an automobile upon the public highway may be made without warrant where the seizing officer has knowledge or information of facts constituting 'probable cause'."

Also see Odenthal v. State, No. 9927, on rehearing, yet unreported.

After a careful examination of the entire record, and finding no error therein, we are of the opinion that the judgment of the trial court should be affirmed, and it is accordingly so ordered.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.