### J. H. Fowler v. The State.

No. 10419.        Delivered February 2, 1927.

**1.—Possessing Intoxicating Liquor—Secondary Evidence—When Admissible.**

Where, on a trial for possessing intoxicating liquor for the purpose of sale, complaint was made of the search of appellant's automobile, on the ground that there was no affidavit supporting the search warrant, proof that the affidavit was lost, and also proof of its contents, was properly admitted, and was sufficient.

**2.—Same—Evidence—Motion to Suppress—Not Proper Practice.**

Where appellant complains of the action of the court in overruling his motion to suppress the testimony acquired through the search of his automobile, the action of the court was proper. This practice is without sanction in this state.

3.—Same—Search of Automobile—Without Warrant—Rule Stated.

Under Art. 690, P. C. of 1925, where officers have probable cause for believing that an automobile is being used for the unlawful transportation of intoxicating liquor, they may legally search such automobile without a search warrant.   See Battle v. State, No. 10505 not yet reported, and Carroll v. United States, 69 Law Ed. 543.

Appeal from the District Court of Potter County.   Tried below before the Hon. Henry S. Bishop, Judge.

Appeal from a conviction for the possession of intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The conviction is for the possession of intoxicating liquor for the purpose of sale, penalty one year in the penitentiary.

There are several bills of exceptions challenging the ruling of the court in receiving the testimony of officers to the effect that they searched the automobile of the appellant and found therein ten gallons of whiskey.   In these bills complaint is made of the receipt of the testimony upon the ground that it was without a proper search warrant.   From our examination of the search warrant, we fail to perceive wherein it fails to meet the requirements of the law.   The point is made, however, that there is no affidavit.   There was proof that the affidavit was lost, and also proof of its contents.   According to the evidence adduced, the affidavit met all the legal requirements pertaining to the predicate necessary for obtaining a search warrant to search an automobile.

In some of the bills complaint is made of the overruling of a motion to suppress the testimony acquired through the search. This practice is without sanction in this state, but the illegality of the search is available on objection to the evidence at the time it is offered.

Our examination of the evidence furthermore leads us to the conclusion that before making the search of the automobile in question, the officers who made the search and who gave the testimony as to the result thereof, were possessed of sufficient information to justify them in making the search without a warrant. The facts to which they testified are deemed sufficient to bring

the case within the rule declared in Battle v. State, No. 10505, not yet reported, wherein Art. 690, P. C. 1925, was construed as authorizing the search of an automobile by an officer who, in advance of the search, had probable cause, as that term is defined in Battle v. State, supra, and in Carroll v. United States, 69 Law Ed. 543.

Failing to find error revealed by the record, the judgment is affirmed.

*Affirmed.*