## C. A. PLANT AND A. A. ROGERS V. THE STATE.

### No. 10585.   Delivered February 9, 1927.

#### Rehearing denied March 30, 1927.

**1.— Transporting Intoxicating Liquor — Search and Seizure — "Probable Cause."**

While Art. 727a, C. C. P. 1925, provides that evidence obtained by an unlawful search and seizure shall not be admitted against the accused on the trial of any criminal case, Art. 690, P. C. 1925, declares that any automobile used for the purpose of unlawfully transporting intoxicating liquor, to be a public nuisance, and when used for such purpose in the presence of an officer, may be seized without warrant.

**2.—Same—Continued.**

However, the right to search or seize the automobile must be based upon "probable cause," that is a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the automobile contains intoxicating liquor, unlawfully being transported.   See Odenthal v. State, which will be reported on page 1 of Vol. 106, Texas Criminal Reports, for a discussion in some detail of this subject.   Following Carroll v. United States, 69 Law Ed. 543, and other cases cited in the Odenthal case.

**3.—Same—Evidence—"Probable Cause"—Held Sufficient.**

In the instant case officers had received word that appellant was transporting intoxicating liquor in an automobile being driven toward Bay City. The car was intercepted by the sheriff, and found to contain intoxicating liquor.   "Probable cause" warranting the search and seizure was sufficient, and evidence of same was properly admitted upon the trial of the appellants.   See Battle v. State, No. 10505, not yet reported.

ON REHEARING.

**4.—Same—No Error Presented.**

On rehearing we have again reviewed the facts, and have no doubt of the sufficiency of the information had by the officers prior to the time they stopped appellant's car and searched same, leading them to reasonably believe said car to be engaged in transporting intoxicating liquor, and the motion for rehearing will be overruled.

Appeal from the District Court of Matagorda County.   Tried below before the Hon. M. S. Munson, Judge.

Appeal from a conviction for transporting intoxicating liquor, penalty one year in the penitentiary against each of the appellants.

The opinion states the case.

*W. M. Holland* of Houston, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is the unlawful transportation of intoxicating liquor, punishment fixed at confinement in the penitentiary for one year.

We understand from the statement of facts that the appellants were arrested by Joe Mangum, Sheriff of Matagorda County, on the public road while they were traveling in an automobile in the direction of Bay City. A search of their car by the sheriff revealed the fact that they were transporting intoxicating liquor. The sheriff was not possessed of a search warrant. The receipt of his evidence and that of other officers, who corroborated him touching the result of the search, is opposed upon the ground that the search was illegal and the receipt of the evidence was therefore forbidden by the terms of the statute. Art. 727a, C. C. P., 1925, wherein it is said:

"No evidence obtained by an officer or other person in violation of any provision of the constitution or laws of the State of Texas, or of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case."

The soundness of the claim of the appellants is to be determined upon whether the search was made in violation of the law. That the officers did not have a search warrant was not conclusive against the legality of the search. In Art. 690, P. C., 1925, it is declared that any automobile used for the unlawful transportation of intoxicating liquors is a public nuisance, and when used for such purpose in the presence of an officer may be seized without warrant. However, the right to search or seize the automobile must be based upon "probable cause;" that is, a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the automobile contains intoxicating liquor unlawfully transported. See Landa v. Obert, 45 Tex. Rep. 539. In other words, Art. 4a, C. C. P., 1925, which prohibits an unlawful search, is not violated by the search of an automobile based upon "probable cause." This subject has been discussed in some detail in the case of Odenthal v. State, No. 9967, not yet reported, in which the search was held illegal. The principle stated is also in accord with the announcement of the Supreme Court of the United States in several recent cases. Among them is the case of Carroll v. United States, 69 Law Ed. 543, wherein it is said:

"On reason and authority the true rule is that if the search and seizure without a warrant are made upon probable cause,

that is, upon a belief, reasonably arising out of circumstances known to the seizing officer, that an automobile or other vehicle contains that which by law is subject to seizure and destruction, the search and seizure are valid."

See also Battle v. State, No. 10505, recently decided.

The facts upon which the sheriff in the present case acted are thus summarized from the statement of facts: He had been told that an automobile possessed by the Plant boys was coming with whiskey; that it was coming toward Bay City. He had received this information from several persons and had gone to the place where the arrest was made for the purpose of intercepting the car in question. The sheriff possessed this information before leaving Bay City, and the facts of the matter had been discussed with two of his deputies. He had arranged with them to meet him at a certain designated point on the public road for the purpose of intercepting the car in which the appellants were riding and in which he had been told they were transporting whiskey. When the sheriff saw the appellants approaching he placed his car in a position in the road so as to prevent the passage of the car of the appellants. His deputies, in the meantime, were in another car, had separated from him, and had gone to a point along the road on which the appellants were traveling. The deputies recognized the car as the one they were looking for, but since it was in Wharton County at the time, they permitted it to pass and then followed it. As the appellants' car approached that of the sheriff, the deputies gave him a signal, indicating that the car approaching him was the one which he desired to intercept. The sheriff said that when he saw the appellant's car, he knew who were in it as he had previously been given a description of it. It was dark at the time. As the appellants approached, the sheriff waived his flashlight and commanded them to stop, telling them that he was the sheriff. They tried to pass him or tried to run over him, and he shot one of the casings, whereupon they stopped. As he approached them he heard glass crash and saw the contents of broken jars pouring from the car. He also saw them throw a sack of broken glass out of the car. He and his deputies picked up the sack and held it over a bucket into which they squeezed whiskey. There was testimony to the effect that the appellants broke the bottles and threw the sack out of the car before it was stopped. One or more of the officers testified that they smelled the odor of whiskey as they approached the car of the appellants, who were breaking the bottles.

From the Battle case, supra, we take the following:

" 'The right to search and the validity of the seizure are not

dependent on the right to arrest. They are dependent on the reasonable cause the seizing officer has for belief that the contents of the automobile offend against the law.' (Carroll v. United States, 69 Law Ed. 543.)

"The uniform rule controlling the state courts in holding the seizure legal, as well as those holding it illegal, is in consonance with the announcement in Carroll v. United States, supra. That is to say, that the search of an automobile upon the public highway may be made without warrant where the seizing officer has knowledge or information of facts constituting 'probable cause,' as above defined. The legality of the search is to be determined alone upon the existence of 'probable cause' *before* the search is made, and is not to be justified by knowledge ascertained through the search. The search cannot be justified upon mere suspicion."

An analysis of the evidence in the various cases to which reference has been made, namely: Carroll v. United States, Battle v. State, and Odenthal v. State, supra, and comparison with the testimony in the present case leads to the conclusion that the search of the appellant's automobile was not upon suspicion alone but upon knowledge, amounting to "probable cause" within the meaning of the law, possessed by the officers in advance of the search. From this conclusion, it follows that in receiving the testimony of which complaint is made, the learned trial judge was within the law.

The judgment is affirmed.                              *Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant's motion for rehearing is directed solely at the supposed error of the admission of the testimony of the officers who searched appellant's car without having first obtained a search warrant. We have again reviewed the facts and have no doubt of the sufficiency of the information had by the officers prior to the time they stopped appellant's car and searched same, of facts leading them to reasonably believe said car to be engaged in transporting intoxicating liquor. The information seemed ample to amount to probable cause. Appellants do not contend that they were not transporting intoxicating liquor, nor that they did not try to dispose of same by throwing it out of the car when stopped by the officers, but defended solely on the proposition that the officers had no right to apprehend them in the manner and under the circumstances in which they did. There is nothing in the contention.

The motion for rehearing is overruled.              *Overruled.*