## JACK MOORE V. THE STATE.

### No. 10247.   Delivered March 23, 1927.

### Rehearing denied May 18, 1927.

**1.—Possessing Liquor Containing Over One Per Cent Alcohol—Search Without Warrant—When Lawful.**

Where an officer saw appellant place a quart bottle in a sack, and leave his store with it, and on arresting him, found that the bottle contained beer, the arrest and search, without a search warrant, was authorized. At the time of the arrest, appellant was committing a felony in the presence of the officer. One who commits a felony in the presence or view of an officer may be arrested without a warrant. See Arts. 212-213, C. C. P., 1925. Hodges v. State, 6 Tex. Crim. App. 620, and other cases cited. Also Branch's Ann. P. C., Sec. 1979.

**2.—Same—Continued.**

To justify the search, "probable cause," within the meaning of the law is essential, that is, a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the appellant was in the unlawful possession of intoxicating liquor. See Odenthal v. State, 106 Tex. Crim. Rep. 1; Carroll v. United States, 267 U. S. 132, and other cases cited.

**3.—Same—Right of Search—After Arrest—Rule Stated.**

"The right, without a search warrant, contemporaneously to search persons lawfully arrested, while committing crime, and to search the place where the arrest is made, in order to find and seize things connected with the crime, as its fruits, or the means by which it was committed, as well as weapons and other things to effect an escape from custody, is not to be doubted." See Agnello v. United States, 269 U. S. 20, 46 Sup. Ct. Rep. 4, 70 Law Ed. 145, and other cases cited.

**4.—Same—Evidence—Under Plural Counts—Properly Received.**

Where the indictment contained four counts, charging possession and transportation of intoxicating liquor, and of liquor containing in excess of one per cent of alcohol, there was no error in admitting evidence of a search of appellant's premises, made with a search warrant, shortly following his arrest.

**5.—Same—Election by State—When Not Necessary.**

Where an indictment contains plural counts, and evidence adduced upon the trial supports each of the counts, and the verdict of the jury designates the count upon which the conviction rests, and the lowest penalty has been assessed, there was no error in refusing to compel the state to elect between the counts. See Branch's Ann. P. C., Sec. 444, and cases collated.

**6.—Same—Evidence—Hearsay—Properly Excluded.**

Where appellant's wife had testified that she had told him to bring her some beer, there was no error in refusing to permit her to further testify that he had started with the beer, but it had been taken away from him, such excluded testimony being clearly hearsay, and not of such importance to warrant a reversal of the judgment.

**7.—Same—Charge of Court—On Plural Counts—No Error Shown.**

Where appellant was on trial under an indictment in four counts, charging him with transporting, and with possession of intoxicating liquor, and liquor containing in excess of one per cent of alcohol by volume, each of said counts being correctly submitted, together with the submission affirmatively of the defensive theory, criticisms of said charge cannot be sustained.

### ON REHEARING.

**8.—Same—Evidence—Arrest and Search Without Warrant—Probable Cause Shown.**

Where two officers testified that they saw appellant place a quart bottle in a paper sack, leave his place of business; followed him for some distance, and then arrested him and found that the quart bottle in the paper sack contained beer, there was probable cause for his arrest, and seizure of the beer. See Landa v. Obret, 45 Texas, 539.

**9.—Same—Evidence—Held Sufficient.**

Where appellant was convicted of the possession for the purpose of sale of spirituous, vinous and malt liquor containing in excess of one per cent of alcohol by volume, and the evidence disclosed the discovery of a large quantity of pear extract in his place of business, containing in excess of one per cent of alcohol, and all of the issues in the case were properly submitted in the court's charge, the verdict cannot be disturbed.

Appeal from the District Court of Erath County. Tried below before the Hon. J. B. Keith, Judge.

Appeal from a conviction for possessing for the purpose of sale, spirituous, vinous and malt liquor containing in excess of one per cent of alcohol by volume, penalty one year in the penitentiary.

The opinion states the case.

*Oxford & Johnson* of Stephenville, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is the unlawful possession for the purpose of sale of spirituous, vinous and malt liquors containing in excess of one per cent of alcohol by volume, punishment fixed at confinement in the penitentiary for one year.

According to the state's testimony, the sheriff saw the appellant in his place of business (a store), put a quart bottle in a paper sack and walk out on the street with it in his possession. The officer accosted and arrested the appellant and took from his possession a quart bottle of beer. The officer afterward obtained a search warrant and searched the house from which the beer

was taken.   The search resulted in the discovery of other bottles with beer in them.

Objection to the testimony was made and overruled; the ground of objection being that the information obtained by the officers and to which they testified, was obtained through an illegal search, and its receipt in evidence was inhibited by Art. 727a, C. C. P., 1925.   At the time of the appellant's arrest, he was committing a felony in the presence of the officers.   One who commits a felony in the presence or view of an officer may be arrested without a warrant.   Arts. 212-213, C. C. P., 1925. Hodges v. State, 6 Tex. Crim. App. 620, and other cases collated in Branch's Ann. Tex. P. C., Sec. 1979; Crippen v. State, 80 Tex. Crim. Rep. 293; Vernon's Tex. C. C. P., 1925, Vol. 1, pp. 174-175. The Constitution, Art. 1, Sec. 9, on the subject of searches and seizures, protects the citizen from an arrest on mere suspicion. Lacy v. State, 7 Tex. Crim. App. 411.

The point is made that the officers did not, at the time they arrested the appellant, know the contents of the bottle to be intoxicating liquor.   To justify the arrest, "probable cause," within the meaning of the law, was essential.   Landa v. Obert, 45 Tex. Rep. 539.   That is, a reasonable ground of suspicion supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the appellant was in the unlawful possession of and was transporting liquor.   See Battle v. State, 290 S. W. 763; Carroll v. United States, 267 U. S. 132; Odenthal v. State, 290 S. W. 745.   The facts, as we find them in the record, impress us as sufficient to show that before the appellant was arrested or searched the officers possessed knowledge amounting to "probable cause," as above defined.   We will add, however, that the conviction seems not to have been on the act to which the complaint mentioned above is addressed.   The subsequent search of the building under a search warrant developed evidence showing the possession of liquor sufficient to support the verdict.   The act showing transportation, however, was relevant on the issue of possession, particularly on the question of intent, and the arrest being thus justified, the search was likewise legal.

From the case of Agnello v. United States, 269 U. S. 20, 46 Sup. Ct. Rep. 4; 70 Law Ed. 145, we take the following:

"The right without a search warrant contemporaneously to search persons lawfully arrested while committing crime, and to search the place where the arrest is made in order to find and seize things connected with the crime as its fruits, or as the means by which it was committed, as well as weapons and other

things to effect an escape from custody, is not to be doubted. See Carroll v. United States, 267 U. S. 132, 158; 69 Law Ed. 543, 553; 39 A. L. R. 790, 45 Sup. Ct. Rep. 280; Weeks v. United States, 232 U. S. 383, 392; 58 Law Ed. 652, 655, L. R. A. 19158, 834, 34 Sup. Ct. Rep. 341.    Ann. Cas. 19150, 1177."

See also Samino v. State, 83 Tex. Crim. Rep. 481; Harper v. State, 84 Tex. Crim. Rep. 345; Jones v. State, 85 Tex. Crim. Rep. 538.

In Bill No. 7 the point is made that proof of the result of the search of the appellant's store under a search warrant was illegal for the reason that at that time he had been arrested and there was found in his possession a quart of liquor which the officers had seen him take out of the store.    The indictment contained a count charging the unlawful transportation as well as the unlawful possession.    It was therefore permissible for the state to introduce testimony under each count.    In fact, the transactions were so connected as to make one a part of the other.

A motion was made to require the state to elect between the counts.    The adduced evidence being admissible to support each of the counts—that for possession and that for transporting— and the jury having designated in their verdict the count upon which the conviction rests, viz., possession, and the lowest penalty having been assessed, we fail to find merit in the complaint. See Branch's Ann. Tex. P. C., Sec. 444, and cases collated.

Appellant's wife testified that she told her husband to bring her some beer and that he returned without it.    The rejection of her further proffered testimony to the effect that the appellant stated that he had started with the beer but that it had been taken away from him was, we think, proper upon the ground that it was hearsay.    At least, its rejection, under the circumstances, was not of such importance as to warrant a reversal of the judgment.

The court did not err in refusing to instruct a verdict of acquittal.    The indictment contained four counts.    The transaction upon which the conviction rests was pertinent to each of the counts.    They charged the transportation and possession of liquor.    Two of them described the liquor as intoxicating, and the other two described it as spirituous, vinous and malt liquor containing in excess of one per cent of alcohol by volume.    In its charge to the jury, the court embraced each of the counts.

Paragraphs 15, 16, 17 and 21 of the court's charge are criticised in bills of exceptions.    The evidence is to the effect that in the appellant's store building, which was searched immediately after his arrest, there were two quart beer bottles which

were cold and empty save a small quantity of beer in each of them. There were a number of other empty beer bottles in the building. In it there were some 250 or more empty "pear extract bottles." There was also a case containing a dozen or more bottles full of pear extract. One of the witnesses testified that he was familiar with the beverage which was being sold and which was called "pear extract;" that he had seen a quantity of it; that it came in bottles and in cases; that it was a spirituous liquor containing in excess of one per cent of alcohol by volume and was capable of producing intoxication. The beer which was found in the appellant's possession was analyzed and found to contain 4.65 per cent of alcohol by volume.

The appellant did not testify, but his wife did. She said that in receiving the pear extract they had frequently broken bottles; that she had been pregnant and sick and had used beer for its medicinal effect; that on the night of the appellant's arrest he had been requested by her to bring a bottle of beer but he returned without doing so. She said that she thought the beer bottles contained "near beer;" that she had been told by a doctor, who was now in Louisiana and who had been gone for some twenty years, that beer might be good for her. The labels on the pear extract bottles stated that it contained fifty per cent alcohol.

In paragraph 15 of its charge the court charged the jury upon the substance of the statute making the possession of a quart of intoxicating liquor prima facie evidence of its illegal possession.

In paragraph 16 there was embraced a charge explaining the meaning of the term "prima facie evidence" in accord with Art. 671, P. C., 1925, and interpreted in Stoneham v. State, 99 Tex. Crim Rep. 54, and other cases.

Paragraph 17 defines intoxicating liquor in what is deemed an unexceptional manner. However, the conviction did not rest upon either of the counts relating to intoxicating liquor but upon that charging the possession for the purpose of sale of spirituous, vinous or malt liquor containing in excess of one per cent of alcohol by volume.

Paragraph 21 also deals with the subject of intoxicating liquor, which, as stated above, was eliminated by the verdict. However, there is embraced in this paragraph an instruction to the effect that if the flavoring extract in the possession of the accused was for culinary purposes and not for beverage purposes, it should be excluded from their consideration in determining the guilt of the appellant by the quantity of liquor in his

possession. So far as there is evidence presenting the theory that the pear extract was for cooking purposes, the matter is covered by the charge of the court.

Our examination of the record leads us to the conclusion that no error is revealed. The judgment is therefore affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant insists that no probable cause was shown justifying his arrest and search without warrant. Two officers testified that they were familiar with appellant's place of business and his residence and the route usually taken by him in going from one to the other. On the night in question appellant was seen to go to his place of business and to go back out of sight and get a quart bottle, which he put in a paper sack, turn out the light, and emerge from said place. That instead of going his usual route home, he went through an alley and back of some stores, down by what was known as Rat Row and across a vacant lot, taking a circuitous and unusual route. While on this vacant block he was stopped by the officers who told him they wanted what he had in that sack. He declined to give it to them and remonstrated with them, and they took the sack away from him and arrested him. We think these facts fully supported a reasonable ground of suspicion, based on circumstances sufficiently strong to warrant a cautious man in the belief that appellant was engaged in an unlawful enterprise such as is referred to in Landa v. Obert, 45 Texas 539, and that the arrest and search of appellant without warrant was entirely justifiable.

Appellant's wife was permitted to testify that on the morning before his arrest she told him that she believed if she had a bottle of beer it would settle her stomach. We perceive no error in the rejection of her proffered testimony that appellant got home on the night of his arrest and told her that he had started home with the bottle of beer for her. Such testimony would not have sufficed to exclude evidence of the arrest and search of appellant.

Appellant was convicted for the possession for purposes of sale of spirituous, vinous and malt liquor containing in excess of one per cent of alcohol by volume. In support of this count of the indictment there was abundant proof showing appellant in possession of a nearly full crate of bottles of pear extract, a liquid shown by testimony to contain more than one per cent of

alcohol, and in fact to contain from thirty-five to fifty per cent of alcohol. It was in testimony that an examination of the premises used by appellant as a place of business revealed pear extract bottles in large quantities all over the place. One witness said behind every sack, box and barrel in the place there were pear extract bottles. Another witness estimated the number of pear extract bottles found, full and empty, at 350. The state seems to have predicated its conviction in this case upon appellant's possession for purposes of sale of the large quantity of pear extract found in his possession. Appellant did not take the stand and testify, but his wife said they had the pear extract to be sold for cooking purposes. In the charge of the court he specifically told the jury that if they believed the defendant had this pear extract for flavoring or cooking purposes, they would not consider same in determining his guilt. What we have just said applies also to appellant's contention that the court erred in his charge in telling the jury that proof of the possession of more than a quart of intoxicating liquor would be prima facie evidence of guilt, but that the defendant had the right to introduce evidence showing the legality of such possession. The testimony shows without controversy that appellant had in his possession a much larger quantity of pear extract than one quart. We have considered each of the claims advanced in appellant's motion, and find ourselves unable to agree with any of them.

Believing the case rightly decided on the original presentation, the motion for rehearing will be overruled.

*Overruled.*