## H. L. MIMS V. THE STATE.

### No. 11199.   Delivered November 30, 1927.

**Possessing Intoxicating Liquor—Search Without Warrant—Not Unlawful.**

Where officers were in hiding, and saw appellant approach on horse-back with a gallon jug of whiskey tied to his saddle, his arrest and the seizure of the whiskey without a search warrant were justified under the law of "probable cause."   See Chorn v. State, 298 S. W. 290, and Battle v. State, 290 S. W. 762.

Appeal from the District Court of Walker County.   Tried below before the Hon. Carl T. Harper, Judge.

Appeal from a conviction for possessing intoxicating liquor for the purpose of sale, penalty two years in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*A. A. Dawson,* State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The unlawful possession of intoxicating liquor for the purpose of sale is the offense; punishment fixed at confinement in the penitentiary for a period of two years.

According to the state's evidence the officers were hiding in a cluster of bushes waiting for the appellant to arrive with some whiskey.   He soon appeared on horseback with a jug tied to the horn of the saddle.   There were several fires built with negroes around them.   Appellant stopped and hitched his horse. After waiting a while, the officers got up and started in the direction of the appellant, and he ran away.   They took possession of the horse and the jug.   The jug contained whiskey. The officers testified that they had a search warrant which was not produced.   Its loss or diligence to produce it is not satisfactorily shown.

Two bills of exceptions are presented, complaining of the receipt of the officers' testimony without the production of a search warrant.   If the circumstances were not such as to justify the arrest of the appellant or the search of his horse without a warrant, the receipt of the testimony showing the result of the search would be questionable.   See Chorn v. State, 298 S. W. 290; Henderson v. State (No. 11178, not yet reported).   The bills are qualified, however, with a recital of the facts in substance as above taken from the statement of facts, and with the further statement that the court regarded

the knowledge which the officers possessed sufficient to meet the demand of the law for "probable cause" and to justify the search of the horse without a warrant.   In this conclusion we think the learned trial judge was justified by the facts before him.   See Battle v. State, 290 S. W. 762.   The judgment is affirmed.

*Affirmed.*