### BOB MCPHERSON V. THE STATE.

No. 11034.    Delivered December 14, 1927.

**1.—Transporting Intoxicating Liquor—Search Without Warrant—Or Probable Cause—Error.**

Where appellant objected to the testimony of officers secured by a search without a warrant or probable cause the court erred in admitting the testimony over his objection.   See Odenthal v. State, 106 Tex. Crim. Rep. 1, and other cases cited.

**2.—Same—Evidence—Probable Cause—Questions for Court—Rule Stated.**

Where a search is made without a search warrant, whether the information the officers had received constituted "probable cause" was a question primarily for the court, and should be investigated in the absence of the jury.   If it should become an issue whether the facts existed which are claimed to constitute "probable cause" it would be proper to submit the issue to the jury.   See Bingham v. State, 97 Tex. Crim. Rep. 596, and other cases cited.

Appeal from the District Court of Gregg County.   Tried below before the Hon. P. O. Beard, Judge.

Appeal from a conviction for transporting intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*W. C. Shoultz* of Longview, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for transporting intoxicating liquor, punishment being one year in the penitentiary.

Officers without a search warrant searched appellant's automobile and found therein a jug and fruit jar containing whiskey. It becomes necessary to reverse the judgment upon the recitals in bill of exception No. 1.   It appears therefrom that appellant objected to the sheriff testifying as to the result of the search upon the ground that it was made in violation of the Constitution and laws of the state.   In approving the bill the learned trial judge states that the objection urged was that the officers

had no warrant authorizing the search, but in no way undertakes to qualify the recitals in the bill, which in substance are that the testimony of the sheriff showed not only the absence of a search warrant but also showed that the search was made without "probable cause" and without having sufficient information before the search to constitute "probable cause." This court is bound by the recitals in the bill and under those just related has no option but to order a reversal. Odenthal v. State, 290 S. W. 743; Battle v. State, 105 Tex. Crim. Rep. 568, 290 S. W. 762; Whitworth v. State, 105 Tex. Crim. Rep. 641, 290 S. W. 764; Straley v. State, 290 S. W. 766; Fowler v. State, 290 S. W. 1104; Plant v. State, 292 S. W. 550; Rochelle v. State, 294 S. W. 869. There is an intimation in the statement of facts that the officers may have been in possession of information which would have justified the search. The sheriff testified he had gone to search a house where "he had heard he (appellant) had been leaving whiskey." The court instructed the jury not to consider what the officer had heard. This ruling was correct as withholding from the jury the hearsay evidence which might have injuriously affected appellant. Whether the information the officers had received constituted "probable cause" was a question primarily for the court and could have been investigated in the absence of the jury. Bingham v. State, 97 Tex. Crim. Rep. 596, 262 S. W. 747; Warren v. State, 98 Tex. Crim. Rep. 639, 267 S. W. 723; Burton v. State, 102 Tex. Crim. Rep. 110, 277 S. W. 390. If any investigation was had in the absence of the jury it is not made to so appear in the record now before us. If it should become an issue whether the facts existed which are claimed to constitute "probable cause" it would be proper to submit the issue to the jury. When the court has determined that "probable cause" existed for the search of an automobile the facts upon which he predicated his ruling should be brought before this court in proper manner if a review of such action is sought. However, no such question arises in the present case, the bill of exception having recited that "probable cause" did not exist.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*