SAM HIGHTOWER V. THE STATE.

No. 11196.   Delivered January 25, 1928.

1.—Possessing Intoxicating Liquor—Search Without Warrant—"Probable Cause" Apparent.

Where an officer saw appellant sitting in his automobile drinking something out of a bottle, and on examining discovered the bottle contained whisky, and arrested appellant and searched his car, there was "probable cause" apparent for the arrest and search without a warrant. See Battle v. State, 290 S. W. 762; Odenthal v. State, 106 Tex. Crim. Rep. 1, and Moore v. State, 290 S. W. 743.

2.—Same—Bill of Exception Incomplete—Presents No Error.

Where a bill of exception complains of the question propounded to an officer by the state, "Did you find anything else in that car?" to which the officer replied, "Yes, there was another bottle in there and a keg and a wagon sheet," this bill can not be construed as a complaint of a search without warrant.

Appeal from the District Court of Grayson County. Tried below before the Hon. F. E. Wilcox, Judge.

Appeal from a conviction for the possession of intoxicating liquor for the purpose of sale, penalty two years in the penitentiary.

The opinion states the case.

*E. W. Neagle* of Sherman, for appellant.

*A. A. Dawson,* State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is the unlawful possession of intoxicating liquor, punishment fixed at confinement in the penitentiary for a period of two years.

Langford, a constable, testified that on a certain street in the town of Whitewright, he observed the appellant sitting on the

front seat of an automobile drinking from a bottle. Appellant laid the bottle down, and the witness walked towards the car and saw a half-gallon jar full of whisky on the seat of the car. Just before the officers reached the car, appellant got out of it, went into a market, from there to a street, and entered an alley. The officer took the half-gallon jar full of whisky from the car and left it in the market. Appellant later came back to the car and was there arrested by the witness. The bottle from which the appellant had been drinking had the odor of whisky. There was another bottle, a keg and a wagon sheet in the car. The whisky gotten from the car was tasted and proved to be intoxicating. The officer testified that he had no search warrant, but that before going to where the appellant's car was situated, he knew of his being there as he had been so notified over the telephone.

We find but one bill of exceptions in the record, which, omitting the concluding part which is formal, reads as follows:

"Be it remembered that in the trial of the above entitled cause, that after the witness, Ed Langford, had testified to seeing the defendant drink something out of a bottle that looked like a grape juice bottle while sitting in the front seat of his Ford car, and that as he went up to the car he saw a half-gallon fruit jar full of corn whiskey in the front seat, and that defendant ran away from the car as he went to it, but afterwards he arrested the defendant at the car, the County Attorney asked the witness: 'Did you find anything else in the car?' to which the defendant objected because immaterial, irrelevant, prejudicial, and hearsay, which objections were by the court overruled, and the witness answered: 'Yes, there was another bottle in there and a keg and a wagon sheet.' "

In his brief appellant makes the point that his arrest and the search of his automobile was illegal and the evidence obtained thereby improperly received. We cannot say that the arrest was not upon probable cause. It appears to be within the rule stated in Battle v. State, 290 S. W. 762; Odenthal v. State, 290 S. W. 743, and Moore v. State, 294 S. W. 550. However, the bill of exceptions does not seem to present the question for review. It fails to show that there was any objection made to the fact that there was a half-gallon fruit jar full of corn whiskey found upon the seat of the car of which the appellant was in possession. The objection is directed to the question: "Did you find anything else in that car?" and to the answer: "Yes, there was another bottle in there and a keg and a wagon sheet." The objection to these was immaterial and irrelevant. The bill does not show

it to be so. Besides, the officer testified that the bottle had a small quantity of whiskey in it.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*