### SAM HIGHTOWER v. THE STATE.

No. 11195.   Delivered January 25, 1928.

**Transporting Intoxicating Liquor—Arrest and Search—Without Warrant— Not Illegal.**

Where an officer observed appellant walking along a street in Sherman with something concealed under his coat, and on following him, saw him throw the package to the sidewalk, where it broke on the concrete, and was discovered to be a half-gallon jar of whiskey, the arrest and search of appellant by said officer without a warrant was legal. See Arts. 212-213, C. C. P. 1925. Moore v. State, 294 S. W. 550.

Appeal from the District Court of Grayson County.   Tried below before the Hon. F. E. Wilcox, Judge.

Appeal from a conviction for transporting intoxicating liquor, penalty one year in the penitentiary.

The opinion states the case.

*E. W. Neagle* of Sherman, for appellant.

*A. A. Dawson,* State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is the unlawful transportation of intoxicating liquor, punishment fixed at confinement in the penitentiary for one year.

An officer testified that he observed the appellant upon a street in the town of Sherman; that he was about midway of the block and was holding something under his arm and under his coat. Upon observing the officer, appellant cut across the street towards a filling station. The officer followed him, and as he approached, appellant took the package from under his arm and dropped it. It fell on the concrete and broke. It was a half-gallon jar full of whiskey. The officer recovered a part of the whiskey and thereafter arrested the appellant. Upon searching the appellant, another pint of whiskey was found in his pocket.

Against the receipt of this testimony the point is made that it was improper because it was the result of an illegal search. The contention, we think, is unsound. The officer made no arrest

or search until it became obvious that the appellant was transporting a half-gallon jar of whiskey. Our statute (Arts. 212, 213, C. C. P., 1925) authorizes the arrest without warrant where a felony is committed in the presence and view of an officer; and where the arrest is made upon such authority, there exists the incidental right to search the person of the offender. Moore v. State, 294 S. W. 550, and cases therein cited, including Agnello v. United States, 269 U. S. 20, 70 L. Ed. 145.

Finding no error, the judgment is affirmed.

*Affirmed.*