## BRASELTON v. STATE. (No. 12257.)

Court of Criminal Appeals of Texas. April 3, 1929.

Rehearing Denied June 12, 1929.

Thomas B. Ridgell, of Breckenridge, and Hood & Shadle, of Weatherford, for appellant.

A. A. Dawson, State's Atty., of Austin, for the State.

MARTIN, J.  Offense, the unlawful possession of spirituous, vinous, and malt liquors capable of producing intoxication for the purpose of sale; penalty, one year in the penitentiary.

Arresting officers searched the car of appellant and found in same 28 half-gallon fruit jars filled with whisky. It is claimed that no probable cause existed for the search. J. D. Clay, one of the arresting officers testified in part as follows:

"John Kelly told us he thought there was a man in town driving a new model Hudson Coach car with liquor in it. * * * Yes, the car compared with the description of the car they gave me. They told me it was a 1928 new model Hudson Sedan. This Hudson Sedan was a 1928 model. Before going over there I had received the information that a Hudson Coach was in town with liquor in it, but I had no information as to who was driving it. * * * Yes, I had information from John Kelly, chief of police, there was a 1928 model Hudson Coach in town supposed to have whiskey in it that night. I did not have the number of the car. I had no information the car we were looking for was at Boone's, but we did have information there was such a car in town. There were two boys that came out of the café and John Kelly told us he thought they were the two boys driving the car. We watched those boys and followed them up to Boone's Service Station. When we got there we did not know they were the two men we were looking for, we did not know whether they were driving the car or not."

He further testified, in substance, that he heard a motor start up stairs on the runway about halfway up. This was about 1 o'clock at night. He stopped the car without knowing its occupants or positively whether or not it was the right car. We think the circumstances with the information in possession of the searching officer were together sufficient to constitute probable cause. Battle v. State, 105 Tex. Cr. R. 568, 290 S. W. 762; Peoples v. State, 107 Tex. Cr. R. 261, 296 S. W. 536; Mims v. State, 108 Tex. Cr. R. 313, 1 S.W.(2d) 303; Plant et al. v. State, 106 Tex. Cr. R. 330, 292 S. W. 550; Silver v. State (Tex. Cr. App.) 8 S.W.(2d) 145. The sufficiency of appellant's bills presenting this matter is gravely doubtful, which we have not thought necessary to decide.

Complaint is made that the court failed to present appellant's affirmative defense in charge to the jury. Neither the exceptions to the court's charge nor the requested instructions purporting to cover this matter show to have been timely presented. Under these circumstances nothing is presented for review on this question.

Bill of exception was further reserved to the admission in evidence of the testimony of a young lady to the effect that appellant's car in Weatherford on the road to Breckenridge, where it was searched by the officers, as aforesaid, had whisky in it. This was a short time before the car was searched and appellant arrested. We think this was clearly admissible as a circumstance tending to prove appellant's guilt, and especially in rebuttal to his defense that he was not aware of the presence of the whisky in the car.

Finding no error in the record, the judgment is affirmed.

PER CURIAM.  The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

### On Motion for Rehearing.

LATTIMORE, J.  In the light of the motion for rehearing, we have again reviewed this record. We are but confirmed in the conclusion expressed in the original opinion that there were facts and circumstances within the knowledge of the officers who searched the car in question to justify them in entertaining a reasonable belief that same contained intoxicating liquor. Some of the testimony is set out in the original opinion. Appellant earnestly insists that, because the officers took the car out to the home of Mr. Daniels in order that he might identify it, this in some way reflects the fact that they did not have sufficient grounds for searching the car. We are unable to agree with any such contention. The fact that the officers might desire more positive identification of the car by some one who had seen and observed it would in no wise prevent the trial court in the first instance, and this court upon appeal, from concluding that there were sufficient facts known to the officers to justify the search without warrant. The record shows that the officers had information that a car substantially answering the description of the one searched was in town and had in it intoxicating liquor. We do not believe it is required under our law that the officer shall know beyond doubt, or

beyond the necessity for any identification, that a vehicle which he searches is the property of any given party, or that it in fact contained intoxicating liquor.

The motion for rehearing will be overruled.