## Jug Weaver v. The State.

No. 14503.   Delivered December 9, 1931.

The opinion states the case.

*Perkins & Perkins,* of Rusk, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—The offense, the unlawful transportation of intoxicating liquor; the punishment, three years in the penitentiary.

Peace officers apprehended the appellant at night on a country road and found upon search of his car about 15 gallons of whisky in said car. The brother of the appellant was driving the car at the time. It appears that the officers were lying in wait along the side of the road on the night of September 2, 1929, and were out there trying to make an arrest of a party by the name of J. H. Parrish. It appears that the officers, while lying in wait along the side of the road, saw a car pass and drive up the road and return about ten minutes later; that when the car returned, the same was, stopped by the officers and the discovery of the liquor was made.

The appellant offered no testimony and did not testify himself and

made no explanation of the matter. The case is primarily submitted here on the proposition as to the sufficiency of the evidence to show probable cause for the arrest of the appellant and the search of the automobile.

Bills of exception Nos. 1 and 2 bring forward the alleged error of the trial court in allowing the officers who searched the car in which appellant and his brother were riding to testify to the finding of the whisky in said car because of the fact that they had no search warrant and no warrant of arrest and because of the want of sufficient testimony to show probable cause. Upon the request of the appellant, the trial court heard evidence as to the admissibility of the evidence as to what said officers found in said car, out of the presence of the jury, in order that it might primarily be determined whether the testimony as to the finding of the whisky in the car was admissible. The testimony so heard by the court is set out in the statement of facts denominated "Evidence on Probable Cause for Search".

It appears both in the statement of facts as to the hearing of the evidence on "probable cause" for search, out of the presence of the jury, and also the statement of facts as to the evidence adduced on the trial of the case that they both contained the following agreement:

"IT IS AGREED

"By and between the State and Defendant, through their respective counsel of record, that the State will be bound by the testimony already introduced as to probable cause for the search, and that the testimony hereafter to be introduced, in the presence and hearing of the jury, shall not be considered as showing probable cause for such search; and that the State will rely alone upon the proof already made as to such probable cause; and should any testimony hereafter be given which might indicate probable cause, it is agreed that the same shall not be considered as binding upon the Defendant, without any objection being made; and that the State will only rely for probable cause of the search upon the testimony already heard."

Both of which statement of facts are signed and approved by the trial judge with said agreements therein.

By both bills of exception Nos. 1 and 2, which are approved by the trial judge without qualification, as to the testimony of the witnesses searching the appellant's car, it is shown that said search and arrest of the appellant and his brother was merely upon suspicion and without sufficient evidence to show probable cause for said search. The Constitution, art. 1, sec. 9, on the subject of search and seizures, protects the citizen from arrest on mere suspicion. See Moore v. State, 107 Texas Crim. Rep., 24, 294 S. W., 550; Lacy v. State, 7 Tex. App., 411.

In the case of Moore v. State, supra, Judge Morrow, speaking for the court, stated that "to justify an arrest, 'probable cause' within the

meaning of the law was essential, that is, a reasonable ground of sus-picion supported by circumstances sufficiently strong in themselves to war-rant a cautious man in the belief that appellant was in the unlawful pos-session of and transporting intoxicating liquor." Citing in support of same, Battle v. State, 105 Texas Crim. Rep., 568, 290 S. W., 763; Carrol v. U. S., 267 U. S., 132; Odenthal v. State, 106 Texas Crim. Rep., 1, 290 S. W., 745. See also Haynes v. State, 110 Texas Crim. Rep., 553, 9 S. W. (2d) 1043; Moore v. State, 107 Texas Crim. Rep., 24, 294 S. W., 550; Mims v. State, 108 Texas Crim. Rep., 313, 1 S. W. (2d) 303; Swanson v. State, 113 Texas Crim. Rep., 114, 18 S. W. (2d) 1082; Tendia v. State, 111 Texas Crim. Rep., 627, 13 S. W. (2d) 842; McPherson v. State, 108 Texas Crim. Rep., 265, 300 S. W., 936; Paulk v. State, 106 Texas Crim. Rep., 472, 293 S. W., 169. .

The state's attorney insists in his brief for the state that in passing upon whether probable cause was shown, this court should consider the statement of facts and that in so doing the inevitable conclusion would be reached that the officers had ample and sufficient authority for acting with probable cause when they made this arrest and search. It seems under the authorities in this state that it is well settled that a statement in he bill of exception as to the testimony adduced will control and is binding on his court, though same may conflict with the statement of facts. Jay v. State, 56 Texas Crim. Rep., 117, 120 S. W., 449; Hardy v. State, 31 Texas Crim. Rep., 289, 20 S. W., 561; Chenowith v. State, 50 Texas Crim. Rep., 238, 96 S. W., 19; Pitts v. State, 60 Texas Crim. Rep., 524, 132 S. W., 802. See also McPherson v. State, 108 Texas Crim. Rep., 265, 300 S. W., 936, wherein it is also held that this court is bound by the recital in the bills of exception. This decision cites the following authorities in support of it: Odenthal v. State, 106 Texas Crim. Rep., 1, 290 S. W., 743; Battle v. State, 105 Texas Crim. Rep., 568, 290 S. W., 762; Whitworth v. State, 105 Texas Crim. Rep., 641, 290 S. W., 764; Straley v. State, 106 Texas Crim. Rep., 130, 290 S. W., 766; Fowler v. State, 106 Texas Crim. Rep., 66, 290 S. W., 1104; Plant v. State, 106 Texas Crim. Rep., 330, 292 S. W., 550; Rochelle v. State, 107 Texas Crim. Rep., 79, 294 S. W., 869.

We feel constrained to hold that under the bills as presented to this court, which the trial judge in no way undertakes to qualify, that the testimony of the officers stated therein showed not only the absence of a search warrant but also showed that the search was made without prob-able cause and without having sufficient information before the search to constitute probable cause, and we have no option but to order a reversal of the case.

Reversed and remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.