## BILL MOORE V. THE STATE.

No. 15579. Delivered February 1, 1933.
Rehearing Denied (without written opinion) March 29, 1933.
Reported in 58 S. W. (2d) 128.

The opinion states the case.

*H. B. Birmingham* and *R. E. Eubank,* both of Paris, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—Unlawfully transporting intoxicating liquor is the offense; penalty assessed at confinement in the penitentiary for one year.

Before the court, in the absence of the jury, an officer testified that he had long known the appellant, Bill Moore; that, prior to making a search of the appellant's car and arresting him, the officer had received information that the appellant had gone to Oklahoma after a load of whisky; that Moore was coming in on the north highway, and might be intercepted there; that the witness and another officer went to the north

highway, but failed to see the appellant and returned to the city; that soon after their return the appellant was observed in his automobile on a street. Upon overtaking him on the street, they searched his car and found in it a quantity of whisky. The officer testified that he knew that the appellant bore the reputation of being a person engaged in the illegal traffic in intoxicating liquor. The testimony of the other officer who acted in making the arrest and search of the appellant's car was in substance the same as that above.

After hearing the testimony of the officers as to the information on which they acted in making the search, the court permitted them to testify in the presence of the jury that they had found intoxicating liquor in the appellant's car upon a search of it.

In ten bills of exception, the various rulings of the court were opposed and various questions of law preserved for review. Without stating the bills in detail, the following remarks reflect our conclusions touching the merits of the questions raised:

The legality of the court's action in retiring the jury and ascertaining the matter of probable cause was within the law.

The reputation of the appellant as a violator of the law against the liquor traffic was a proper element of probable cause when known to the searching officers, and its introduction before the court in the absence of the jury was not error.

The facts showing probable cause upon which the officers acted were uncontroverted, and in refusing to submit to the jury the question of probable cause no error was committed.

The search being upon probable cause as that term is defined in the law (Chapin v. State, 296 S. W., 1095; Carroll v. United States, 267 U. S., 132, 69 L. Ed., 543), it was not necessary that the officers see the whisky in the car before the search. The evidence that the officers had what they thought was reliable information that the appellant was bringing a load of whisky from Oklahoma, that he had it in his automobile, and that he bore the reputation of a man engaged in the business of dealing in intoxicating liquors, was sufficient proof of probable cause to warrant the search of his automobile. See cases cited above; also Silver v. State, 8 S. W. (2d) 144; Gunter v. State, 4 S. W. (2d) 978. The evidence going to show probable cause being undisputed, the subject became a question of law, and the refusal of the court to submit to the jury the question as to whether there was probable cause was not error. See McPherson v. State, 108 Texas Crim. Rep., 265; Borders

318

v. State, 115 Texas Crim. Rep., 35; Filpot v. State, 114 Texas Crim. Rep., 278; Brasselton v. State, 18 S. W. (2d) 168; Luttrell v. State, 31 S. W. (2d) 818; Jenkins v. State, 32 S. W. (2d) 848; Plant et al. v. State, 292 S. W., 550.

The judgment is affirmed.

*Affirmed.*