COLLIE ODOM V. THE STATE.

No. 16848.   Delivered June 13, 1934.
Rehearing Denied October 17, 1934.
Reported in 74 S. W. (2d) 1000.

The opinion states the case.

*Perkins & Perkins,* of Rusk, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is transporting intoxicating liquor; the punishment, confinement in the penitentiary for one year.

Appellant was arrested by officers as he drove his car along a public highway. Upon searching the car, the officers discovered therein 50 gallons of whisky. Appellant did not testify, and introduced no witnesses.

Appellant objected to the testimony of the officers on the ground that probable cause for the search did not exist. The officers had no warrant of arrest or search warrant. On the question of probable cause, one of the officers testified, in substance, as follows: A party came to his house about one o'clock a. m., March 12, 1933, and stated to him as a fact that appellant would be in Jacksonville with a load of whisky before daylight, and further that appellant had gone to Alto after the whisky. Another party also advised him that appellant would bring a load of whisky to Jacksonville on the occasion in question. After receiving this information this officer, with others, stationed himself on the road he was told appellant would travel, and, about 4 a. m., appellant came down the road in his automobile. The officers tried to stop appellant, but he

declined to stop until he came to a point where the road was blocked by the car driven by the officers. Under the decisions of this court the information possessed by the searching officers was sufficient to constitute probable cause for the search, and a search warrant was not required. Braselton v. State, 18 S. W. (2d) 168, and authorities cited.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—In his motion for rehearing appellant urges that since he had been tried and convicted in the county court of Cherokee County for carrying a pistol, which was found in his car at the time the officers also found therein the whisky whose transportation forms the basis for his conviction in the case before us; and since all testimony relating to the finding of the whisky, as well as the pistol, was introduced in the county court hearing upon appellant's trial for the unlawfully carrying of said pistol,—the admission of such testimony was immaterial, inflammatory and prejudicial.

No plea of former conviction or jeopardy was filed in this case, but as part of the grounds of his objection to testimony appellant urges as above set out. We do not know what proper place the testimony as to the transportation of the whisky had on the trial of appellant in the county court for illegally carrying a pistol in connection with such transportation, but find nothing before us upon which appellant could properly base his objection to the introduction upon this trial of the testimony as to the carrying of the pistol. Such testimony has been held admissible in a case for the illegal transportation of intoxicating liquor.

Perceiving no valid ground of objection, the motion for rehearing will be overruled.

*Overruled.*