## BROWN WASHINGTON v. THE STATE.

No. 10615.   Delivered April 13, 1927.

Rehearing denied June 22, 1927.

1.—Transporting Intoxicating Liquor—Search Warrant—Not Necessary.

Where officers in an automobile observed appellant, driving another car, and followed him, and he shortly thereafter turned into another road, and they saw him begin to throw jars of whiskey out of the car. He threw out ten jars, nine of which broke, and the other was recovered intact. He was overtaken and arrested by the officers, and two one-half-gallon jars of corn whiskey were found in his car. No warrant was necessary for his arrest or search of the car. See Arts. 4a and 212 C. C. P., Odenthal v. State, 106 Tex. Crim. Rep. 1 and other cases cited.

ON REHEARING.

2.—Same—Arrest Without Warrant—Right to Search Offender—Rule Stated.

It is well settled that when a felony is committed in the presence of an officer, and by reason thereof the officer makes a legal arrest, it is lawful for him to search the offender. Appellant was perceived by officers in the act of committing a felony and his arrest and search was lawful. See Hodges v. State, 6 Tex. Crim. App. 620, and other cases cited in opinion on rehearing.

Appeal from the District Court of Smith County.  Tried below before the Hon. J. R. Warren, Judge.

Appeal from a conviction for transporting intoxicating liquor, penalty three years in the penitentiary.

The opinion states the case.

*W. H. Hanson* of Tyler, for appellant.

*Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for transporting intoxicating liquor, punishment being three years in the penitentiary.

Eleven bills of exception are found in the record.  In all of them appellant in different ways raises three questions, viz: (a) that the testimony of the officers as to what they found in appellant's automobile could not be legally received in evidence because the affidavit and search warrant only stated that the two affiants "believed and had good reason to believe" the automobile was being used in transporting whiskey and did not

state any facts furnishing "probable cause" upon which the magistrate could act, (b) that the automobile was not sufficiently described, (c) that accused was not named nor sufficiently described. Supporting his propositions appellant cites the Constitution of the United States and of this state authorizing the issuance of search warrants only upon showing of "probable cause" supported by affidavit and also cites Arts. 4a and 4b C. C. P. (Acts Legislature 1925, p. 351), and Art. 727a, P. C. (Acts Legislature, 1925, p. 186). Counsel for appellant has furnished us with a splendid brief strongly supporting in the most interesting way his views of the questions raised. In our opinion, however, it becomes unnecessary to discuss them for if it should be held that the affidavit for the search warrant is subject to all the defects claimed it would be entirely immaterial under the facts of this case because the officers were justified in arresting appellant and in searching the automobile in the absence of any warrant whatever. For some undisclosed reason the officers were on the highway watching for this appellant and his car. He passed them rapidly. They pursued him. He turned off the main highway and they followed. One of the officers thus relates what then occurred:

"After he turned off of the highway up the road toward the fair ground he got out on the running board and held the steering wheel with one hand and turned up that turtle back and began to burst bottles of whiskey in the road. He threw out ten and broke nine of them. He was driving the car. He held the steering wheel with his left hand and was standing on the running board and he had the turtle back up and would reach in there and get them and throw them out. He threw out ten containers. They were half-gallon fruit jars—the square kind. As we passed over the territory where those were thrown out it smelled like whiskey. Nine of the jars broke. The other jar rolled out and rolled up against the bank and didn't break and we picked it up as we came back over the road. We finally overtook him. When we overtook him we got out and searched the car and found two half-gallons. They were the same kind of jars he threw out; square jars. They were two half-gallons of corn whiskey. The defendent is the man who was driving the car and throwing out the whiskey * * * * Whiskey was in the jar that we picked up that we saw him throw out. We actually recovered a gallon and a half of whiskey. Four and a half gallons—nine half-gallon containers—were broken along the way. It was whiskey."

The testimony of the other officer is substantially the same as that quoted.  Art. 4a, C. C. P. reads:

"It shall be unlawful for any person or peace officer, or state ranger, to search the private residence, actual place of habitation, place of business, person or personal possessions of any person without having first obtained a search warrant as required by law."

Appellant was committing a felony in the presence of the officers.  It became known to them without any act on their part which was violative of the foregoing statute and this being true they had a right under Art. 212, C. C. P. to arrest appellant without a warrant, and the arrest being legal the right to search followed.  No warrant in such instance was "required by law." Ruling Case Law, Vol. 2, Sec. 24, p. 467; Corpus Juris, Vol. 5,. p. 434, Sec. 74; Agnello v. U. S., 46 Sup. Ct. Rep. 4.   Under the special provisions of Art. 690, P. C. the automobile being used for the illegal transportation of liquor became a nuisance and being so used in the "presence and view" of the officers they, likewise, by special provisions of said article, were authorized to seize it without a warrant.  Furthermore, appellant's conduct in the presence of the officers before they overtook his car furnished them grounds for "probable cause" to authorize the search without a warrant.  Odenthal v. State, 290 S. W. 743; Battle v. State, 290 S. W. 762.

The judgment must be affirmed and it is so ordered.

*Affirmed.*

### ON MOTION FOR REHEARING.

MORROW, Presiding Judge.—We quite agree with the appellant in his announcement that "an unlawful tresspass in the beginning does not become lawful by reason of the things found." We endeavored to make plain that such was the view of this court in the case of Odenthal v. State, 290 S. W. 743; also Battle v. State, 290 S. W. 762.  The announcement has been reiterated in several cases which are not yet reported.

In holding in the present instance that the searching officers. in advance of the search were possessed of "probable cause" as that term is defined in the cases mentioned, and in Carroll v. United States, 267 U. S. 132, no transgression of the rule stated is shown.  The facts in possession of the officers were such as. to authorize them to search the automobile without the necessity of a search warrant.  We will add that the facts within the knowledge of the officers before the search were such as. to justify the arrest of the appellant without a warrant, it being manifest that he was perceived by the officers in the com-

mission of a felony in their presence. Such act and knowledge from the inception of our Code has been the authority for the arrest of the offender without a warrant. See Art. 212, C. C. P., 1925, Vernon's Ann. Tex. C. C. P., Vol. 1, p. 174. Moreover, it is a well-established principle that where a felony is committed in the presence of an officer and by reason thereof the officer makes a legal arrest, it is lawful for him to search the offender. See Hodges v. State, 6 Tex. Crim. App. 620; Crippin v. State, 80 Tex. Crim. Rep. 293; Moore v. State, No. 10247, not yet reported; Agnello v. United States, 269 U. S. 20, 70 L. Ed. 145; Samino v. State, 83 Tex. Crim. Rep. 481; Jones v. State, 85 Tex. Crim. Rep. 538; Harper v. State, 84 Tex. Crim. Rep. 345.

. The arrest and search of the appellant are deemed to have been legal and inconsonance with the authorities above mentioned. The information obtained through the search was therefore not improperly received.

The motion for rehearing is overruled.

*Overruled.*