## JIM HUNTER v. THE STATE.

No. 11091.   Delivered November 2, 1927.

Rehearing denied December 14, 1927.

1.—Transporting Intoxicating Liquor—Search Without Warrant—"Probable Cause."

Where appellant's automobile was standing on a public road and on approaching the car the sheriff observed a gallon jug in it, partly concealed by a tow sack which, on examination, proved to be filled with whiskey, the seizure of the whiskey and arrest of appellant without a warrant was lawful, there being probable cause evident.   See Battle v. State, 290 S. W. 762.

ON REHEARING.

2.—Same—Evidence—Held Sufficient.

On rehearing, an examination of the record convinces us that the evidence was amply sufficient to eliminate every doubt as to appellant's guilt, and his motion for a rehearing is overruled.

Appeal from the District Court of Motley County.   Tried below before the Hon. J. H. Milam, Judge.

Appeal from a conviction for transporting intoxicating liquor, penalty one year and one day in the penitentiary.

The opinion states the case.

*T. J. Sanders* and *Bouldin & Fish* of Matador, for appellant.

*A. A. Dawson,* State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is transporting intoxicating liquor, the punishment confinement in the penitentiary for one year and one day.

About 1 o'clock in the afternoon the Sheriff of Motley County saw appellant and one Bill Nelson together in a car driving north on the street and highway that leads from Matador to White Star and Flomot.   On the same afternoon, in going to the Flomot community said officer traveled the same road that had been traveled by appellant and his companion.   The car in which appellant and Nelson were riding had been stopped in the road when the officer reached them, and appellant and Nelson were fixing a flat tire.   No one else was with them.   The officer stopped his car just behind them and talked to them in a sympathetic manner about the tire trouble they were having.   Appellant was working on the casing and Nelson was standing up. The sheriff walked around where appellant was working on the

casing and found that the door of the car was standing open. He saw in the car an old piece of cotton sack which was wrapped around something. The bottom of a fruit jar was sticking out of the sack. He reached in the car and picked up the fruit jar from under the sack, took the top off the jar and smelled of it. It contained whiskey. The officer testified that he could tell during the time he was talking to appellant and his companion that they had been drinking as he could smell liquor on their breath. At the time of taking the liquor from the car the officer said to appellant and his companion: "Boys, what have you got here?" He received no reply to his question.

Appellant offered no testimony on the trial of his case.

By bill of exception No. 1 appellant challenges the sufficiency of the evidence. We are unable to agree with appellant that the evidence is insufficient to sustain the verdict of the jury and the judgment rendered thereon.

Appellant next complains of the action of the court in admitting over his objection the testimony of the sheriff touching the results of the search on the ground that said officer was not armed with a search warrant and that there were no facts or circumstances showing that the sheriff had probable cause to believe that the car contained intoxicating liquor.

The search of an automobile upon the public highway may be made without a warrant where the seizing officer has knowledge or information of facts constituting probable cause. Battle v. State, 290 S. W. 762. Probable cause is a reasonable ground of suspicion supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person accused is guilty of the offense with which he is charged. Landa v. Obert, 45 Tex. Rep. 539. We are of the opinion that the facts hereinbefore recited were sufficient to constitute probable cause as above defined, and that such facts were sufficient to warrant the officer in searching appellant's automobile. It follows that the testimony touching the results of the search was properly received in evidence.

Appellant did not testify and offered no witnesses on his own behalf. We find nothing in the record that would suggest an affirmative defense. Appellant's complaint that the court erred in not presenting to the jury in an affirmative manner the defensive theory cannot be sustained.

Finding no error, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant insists that the evidence is insufficient to support the verdict, and on account of his contention we have again carefully examined the facts. No doubt arises in our minds as to its measuring up to the requirements of the law.

The motion for rehearing is overruled.        *Overruled.*