## H. W. O'REAR v. THE STATE.

No. 11465.   Delivered April 25, 1928.
Rehearing denied October 3, 1928.

The opinion states the case.

*Bouldin, Ziveley & Kuykendall* of Albany, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is possession for the purpose of sale of spirituous, vinous and malt liquor containing in excess of one per cent of alcohol by volume; the punishment confinement in the penitentiary for one year.

The sheriff of Shackelford County and one Luther Wallace purchased from appellant more than a quart of beer containing in excess of one per cent of alcohol by volume. Appellant admitted delivering the beer to Luther Wallace but testified that he gave it to said witness and received no money therefor.

Over objection that the search was made without a warrant and therefore illegal officers were permitted to testify to the fact of finding a box of caps for beer bottles, a capper, a rubber hose, a large pan and a bottle of beer in the automobile being driven by appellant. The court qualified appellant's bills of exception as follows:

"The witness testified to sufficient facts to show probable cause. He testified that the witness Holler and Webb informed him before he went out there that the defendant had offered to sell them some beer and that the defendant had some beer in his possession."

It is noted that appellant's bills of exception complaining of the matter under consideration merely recite as a ground of objection that the officers had no search warrant. No facts in support of such objection are stated in said bills. Under the decisions of this court said bills are insufficient. No evidence being incorporated in said bills that would verify the truth of appellant's objection we must indulge the presumption that the ruling of the trial court was correct. A mere statement of a ground of objection in a bill of exception is not a certificate of the judge that the facts which form the basis of the objection are true; it merely shows that such objection was made. Branch's Annotated Penal Code, Section 209, page 134; Buchanan v. State, 298 S. W. 569. We may add that the qualification referred to indicates that the search of appellant's car was made upon probable cause, it being made to appear that the officers had information of facts before making the search which were sufficient to constitute probable cause. The search of an automobile on a public highway may be made without warrant where before making the search the seizing officer has knowledge or information of facts constituting probable cause. In such event the evidence disclosed by the search is admissible, notwithstanding Articles 4a and 727a C. C. P. Battle v. State, 290 S. W. 762.

Luther Wallace, a witness for the state, was an inmate of the Training School at Gatesville at the time he testified. It was shown that he had committed the offense of forgery and had been convicted as a delinquent child. He had not been pardoned. Appellant objected to his use as a witness by the state on the ground that he was an incompetent witness because of the fact that he was then under conviction for the offense of forgery, which was a felony. The witness was competent. He had been tried and convicted as a delinquent child because of a violation of a penal law of this state. Article 1092, C. C. P., provides:

"A disposition of any delinquent child under this law or any

evidence given in such case, shall not, in any civil, criminal, or other cause or proceeding whatsoever, in any court, be lawful or proper evidence against any child for any purpose whatever, except in subsequent cases against the same child under this law. Neither the conviction of the accused as a delinquent child nor the service of the sentence thereunder shall deprive him or her of any rights of citizenship when such child shall become of full age."

We think the provisions of the foregoing article sustain the action of the trial court in permitting the witness to testify. Under the terms of said article a conviction for delinquency under Title 16, C. C. P. does not render the delinquent child incompetent to testify.

We have carefully examined all questions presented by appellant and fail to find reversible error.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, Presiding Judge.—In the motion counsel for the appellant insists that while the bills of exceptions were informal still they were sufficient to invoke a review of the question raised, namely, the receipt of the testimony of the officers touching the result of the search of the appellant's car. The sufficiency of the bills is a matter of no importance in view of the fact that the court, in qualifying the bills, said that there were before him facts sufficient to show "probable cause" for the search of the car. An examination of the statement of facts supports the court's conclusion and brings the search of the car within the purview of the law as declared in Battle's case, 290 S. W. Rep. 762, and Carroll's case, (decided by the Supreme Court of the United States), reported in 267 U. S. 132, 45 S. Ct. 280, 69 L. Ed. 543, 39 A. L. R. 790.

The witness, Luther Wallace, was not disqualified. The discussion of the matter in the original opinion is deemed sufficient.

The motion is overruled.

*Overruled.*