ROBERT A. SMITH V. THE STATE.

No. 14927. Delivered March 8, 1933.
Reported in 58 S. W. (2d) 107.

The opinion states the case.

*V. L. Shurtleff,* of Tyler, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for possessing intoxicat-

ing liquor for purposes of sale; punishment, two years in the penitentiary.

We have spent much time on this case, but have become convinced that it must be reversed, because the officers failed to give testimony which they probably could have given, showing the legality of the arrest of appellant prior to the finding on his person of whisky. Article 212, C. C. P., provides for the arrest of persons in certain cases without warrant, and article 215, C. C. P., authorizes an arrest without warrant by an officer to whom representations have been made by a credible person that a felony has been committed and the offender is about to escape. The facts in this case show that Stribling (house detective for the Blackstone Hotel in Tyler, Texas) saw appellant deliver whisky to room 404 of said hotel on the night before his arrest in this case. Stribling talked to Wade, a policeman of Tyler. Wade had information that appellant could be communicated with over a private phone whose number could be gotten from a Mrs. Young. He called Mrs. Young and she gave him appellant's number as 2777, which he called and asked for Smith (appellant). The party answering said he was Smith. Wade said he knew appellant and had talked to him, and that in his best judgment the voice at the other end of the telephonic communication was that of appellant. He asked the party representing himself to be Smith to bring a couple of bottles of whisky to room 404 at said hotel.

Evidently Wade then went at once back to the hotel, and must have told Stribling or Elliott, another policeman, of his conversation with Smith, and further that Smith was going to bring the whisky to the hotel—though this record fails to set out either in the preliminary hearing had before the court alone in order that he might be satisfied as to the admissibility of the testimony concerning the arrest and finding of the whisky, or in the presence of the jury, that Wade so told either Stribling or Elliott. The facts do, however, further show that when Wade got back to the hotel he went to the mezzanine floor while the other officers remained on the ground floor of said hotel. In a few minutes appellant appeared at the hotel, and seeing the officers started out as though to escape, whereupon they arrested him and upon search found on his person two bottles of whisky and in his car other quantities of the same liquid. It would not seem difficult to have filled in these gaps so as to make plain in the preliminary hearing, out of the presence of the jury, the fact that appellant's arrest was upon information communicated to the arresting officer by a credible

person of the fact that appellant, if he came to said hotel, was transporting intoxicating liquor.

It is to be regretted that in the preliminary hearing the court was not apprised of the "information from a credible person that a felony had been committed, or was about to be committed," so that such officer's testimony as to the fact that appellant was about to make his escape when arrested would satisfy the demand of the law and make the arrest legal, and consequently the testimony as to what appellant had on his person admissible.

In the condition of the record we are constrained to hold that the requirements of the law were not met, and that the judgment must be reversed and remanded, and it is so ordered.

*Reversed and remanded.*