MRS. MYRTLE WEEKS v. THE STATE.

No. 19003. Delivered May 26, 1937.

The opinion states the case.

*Chrisman & Russell,* of Cleburne, and *W. E. Myres,* of Fort Worth, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted of the offense of possessing whisky for the purpose of sale in dry territory, and her punishment was assessed at a fine of $100.00.

The facts as disclosed by this record show that two policemen of the city of Cleburne received a radio call to look out for a red car going eastward on East Henderson Street. They followed the car and saw it carried what they thought were several cartons of beer. They followed the car to about one hundred or one hundred and fifty yards beyond the corporate limits of said city when they succeeding in stopping it. They then looked into the car, searched it and found twenty-four pints of whisky and twenty-one cases of beer. They arrested the appellant, took her to jail, removed the whisky and beer from her car and turned it over to the sheriff.

By bills of exception numbers one and two appellant complains of the action of the trial court in permitting the two policemen, Davis and Whitford, to testify to the pursuit, arrest of appellant, and finding of beer and whisky as a result of the search of appellant's car. Appellant objected to said testimony

on the ground that the policemen had not been informed that she had committed a felony and was about to escape, that she had not committed in their presence any offense classified as a felony or an offense against the public peace, that the arrest by said policemen beyond the corporate limits of said city and the search of her car was illegal, that the evidence obtained as a result of the search was inadmissible. We believe the appellant's contention is well founded.

Under the common law a policeman's authority is confined to the limits of the city unless such authority is extended by legislative act. See Sossamon v. Cruse, 45 S. E., 757; Henson v. State, 49 S. W. (2d) 463; Smith v. State, 58 S. W. (2d) 107.

Art. 212, C. C. P., 1925, provides:

"A peace officer or any other person, may, without warrant arrest an offender when the offense is committed in his presence or within his view, if the offense is one classed as a felony, or as an 'offense against the public peace.' "

Art. 213, C. C. P., 1925, provides:

"A peace officer may arrest, without warrant, when a felony or breach of the peace has been committed in the presence or within the view of a magistrate, and such magistrate verbally orders the arrest of the offender."

Section 44 of Article I of the Texas Liquor Control Act, Acts 1935, 44th Leg., 2nd C. S., p. 1795, provides:

"When any peace officer charged with the duty of enforcing the criminal laws of this State, shall discover any person in the act of transporting in violation of the law any liquor in any wagon, buggy, automobile, water or air craft or other vehicle, it shall be his duty to seize any and all such liquor found therein transported contrary to law * * *"

None of the articles above quoted in express terms give authority to a peace officer to arrest a person without a warrant who has committed an offense against the laws of this State unless it be one classed as a felony or as an offense against the public peace or when the same has been committed in the presence or within the view of a magistrate and such magistrate verbally orders the arrest of the offender. The unlawful transportation of liquor is no longer a felony; neither is it classed as an offense against the public peace. Hence a peace officer would not be authorized to arrest without a warrant one who unlawfully transports liquor unless he has authority to do so under Section 44 of Article I of the Texas Liquor Control Act. Looking to said article we find nothing therein which by express terms confers upon peace officers such authority and un-

less the court by implication can justly extend the meaning of said statute no such authority exists. In *view of art. 212 and 213, C. C. P., we must assume that the legislature when it enacted Section 44 of Article I of the Texas Liquor Control Act took cognizance of said articles which are a limitation upon the legal authority of peace officers. If the legislature desired to extend the authority therein granted, they would have said so. Not having done so, the presumption prevails that they did not intend to do so, and, therefore, we would not be authorized by implication to extend it. Art. 999, R. C. S., 1925, seems to limit the legal authority of peace officers to their own bailiwick. In considering the foregoing articles of the statute together and giving effect to each, it occurs to us that the policemen of the city of Cleburne exceeded their legal authority in making the arrest of the appellant without a warrant and in making the search of her car beyond the corporate limits of said city. Therefore the testimony showing what the policemen found as a result of the search was inadmissible as evidence against her.

For the error hereinabove pointed out, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.