## SELLMAN MOSS v. THE STATE.

No. 19868. Delivered November 2, 1938.
Rehearing Denied January 11, 1939.

The opinion states the case.

*J. Mitch Johnson,* of San Saba, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is transporting intoxicating liquor in a dry area; the punishment, a fine of $100.00.

On the 11th of August, 1937, appellant was found transporting approximately 240 bottles of beer along a public highway in San Saba County, which is a dry area. The arresting officers testified that they were advised by a party in Llano that appellant was leaving there with some beer in a car bearing a certain license number. Upon receiving this information the officers stationed themselves upon a road along which they expected appellant to travel in San Saba County. One of the officers testified:

"We had not waited very long before we saw a car coming that we recognized as the number given us by the party informing us from Llano. We let the car pass us and then we turned around and started after the car, pulled up by the side of the car and told them to stop. They stopped their car, and it was the defendant, Sellman Moss, in the car, and it was his car. * * * There was twenty half cases of beer in his car, we found upon checking it at my office, and each case contained twelve bottles of beer commonly called pint bottles, Grand Prize."

The officers had no warrant of arrest or search warrant.

Appellant did not testify and introduced no witnesses.

Appellant timely and properly objected to the testimony of the officers touching the result of the search of his car. At the time of the arrest of the appellant there was no authority in law for an arrest without warrant of one illegally transporting intoxicating liquor. Such authority is now found in Art. 666-44, Vernon's Tex. P. C., Ann., which was probably enacted in view of the holding of this court that Sec. 44 of Art. 1 of the Texas Liquor Control Act, Acts 1935, 44th Leg., 2nd Called Session, did not give peace officers authority to arrest without warrant one who unlawfully transported intoxicating liquor. See Weeks v. State, 132 Tex. Cr. R. 524. We are constrained to hold that the court fell into error in overruling appellant's objection. Weeks v. State, supra.

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—The County Attorney of San Saba County has filed in behalf of the State a motion for rehearing in which he takes the position that there was no search of appellant's car, relying for support of his proposition upon Garner v. State, 109 S. W. (2d) 182.

We think the testimony of the officers makes the position untenable. The sheriff testified, "It was the defendant, Sellman Moss' car *that we searched.* It was not a permissive search * * * I did not ask for a search warrant, but *searched the car* without a warrant of any kind." The deputy sheriff testified: "It was the defendant, Sellman Moss' car *that we searched.* It was not a permissive search. * * * He did not give us permission *to search the car,* and we did not have any warrant for his arrest."

The transaction occurred on the 11th day of August, 1937. Subdivision 30 of Art. 666, Vernon's Tex. P. C., Vol. 1, the present "Texas Liquor Control Act" would authorize the acts of the officers without a seizure warrant or a warrant of arrest, but the present law did not become effective until the 1st day of September, 1937, which was twenty days after the instant transaction occurred.

For the reasons given the State's motion for rehearing is overruled.