ARKANSAS UTILITIES COMPANY v. PIPKIN, JUDGE.

4-6425                               150 S. W. 2d 38

Opinion delivered April 21, 1941.

*Brewer & Cracraft,* for appellant.

*Burke, Moore & Walker* and *Pace, Davis & Pace,* for appellee.

MEHAFFY, J. Milton Caven filed suit in the Phillips circuit court against the Arkansas Utilities Company alleging that on July 27, 1939, and for a number of years prior thereto, he was employed by the defendant at its power plant in the city of Helena in its engine and boiler room; his duties were the operation of the machines and engines used in said plant for the generation of electrical power and his salary was $135 a month; that on the morning of July 27th about 11 o'clock, while he was engaged in performing his duties during a thunderstorm, lightning struck the said plant and the distributive system, and said bolt of lightning entered the plant, produced a violent explosion near the switchboard where plaintiff was working in the course of his employment; plaintiff was thereby hurled a distance of 15 or 20 feet and lost consciousness. He then describes his injuries and the extent thereof, and alleges that the power plant is a place which is attractive to lightning and subject to being struck, as defendant knew or should have known. He alleges that the defendant was negligent in not providing him with a safe place in which to work, and that the use of ordinary and reasonable care to select safety devices would prevent lightning from entering the plant and injuring employees; that defendant was negligent in that it failed to install and maintain a ground on the

switchboard in its plant, and the several instruments on said board; that the iron framework which supports the switchboard was not grounded; that the framework supporting the bus bar from which electrical power is distributed, was not grounded; that the speed control and voltage control at the engine where plaintiff was working was not grounded. He further alleges that at several places the wire was not grounded and had no lightning arresters, and that, as a result of said negligence, plaintiff was injured. He alleged that he had been damaged in the sum of $40,000.

The defendant filed answer denying each and every allegation in the complaint except as to corporate entity, and alleged that if plaintiff was injured, he assumed the risk and that his knowledge was equal to the knowledge of the defendant, and further alleged that the injury was caused by an inevitable accident, and alleges that it was due to an act of God or to conditions of the elements, over which defendant had no control.

The plaintiff filed a motion in the circuit court stating that his action was founded upon the negligence of defendant in failing to furnish plaintiff a safe place in which to work and to take proper precaution against injury to plaintiff while in its employ in the several respects alleged in his complaint; that the proof of the allegations of negligence depends upon the establishment of the inadequacy of defendant's protective equipment contained in and about its power plant; that the question in litigation necessarily involves testimony as to what protective equipment and devices are necessary in the power plant, and as to whether the machinery and devices installed in the various places mentioned in the complaint were adequate to protect plaintiff. The material issue will be whether defendant was negligent in the installation of the equipment for the protection of the employee from lightning, and to take other safeguards and precautions; that these are technical questions calling for specialized knowledge, and it will be necessary for the determination of these issues that experts' testimony be adduced, and in order to prepare themselves to

testify as to the equipment and appliances, and as to their adequacy and fitness, it will be necessary for experts, or some of them, to enter upon defendant's grounds and view and inspect the same; that the plaintiff is not qualified on the subject of what equipment and safety appliances are proper, and is unable to furnish his counsel and witnesses the information necessary to present the full and complete facts to the trial of this case. He has applied to the defendant and its counsel for permission to enter the plant and grounds with persons qualified as experts, and photographers, with the purpose of obtaining facts and information necessary to the presentation of the real facts to the court and jury at the trial of this cause, and such permission was refused; that the information sought is material and the facts are in the defendant's exclusive possession. He, therefore, asked the court to order defendant to permit the inspection to be made as requested by him.

G. D. Walker, one of plaintiff's attorneys, made an affidavit that the statements contained in the complaint were true.

The defendant filed a response to the motion alleging that the court was without jurisdiction, and it would be an abuse of discretionary power to grant the request of plaintiff; denies that it had sought to conceal any facts and denies the allegations of the motion. The response was verified, and thereafter the deposition of the plaintiff was taken, for the purpose of perpetuating his testimony.

Several other witnesses testified as to the condition of the plant and the necessity for the inspection. The defendant then filed a supplemental response, which was verified.

The court thereupon, on March 22, 1941, after considering the motion and responses and the affidavits and depositions, granted the motion, and made the following order: "On this 22nd day of March, 1941, this court being legally in session pursuant to § 2848 of Pope's Digest of the Statutes of Arkansas, the court announced its ruling upon the motion of the plaintiff, Milton Caven,

for permission to inspect the premises of the defendant, said motion having been argued and submitted to the court at a regular day of the court held March 1, 1941, and by agreement of parties taken under advisement for decision to be announced on this date. The court having considered the said motion, defendant's response to same and supplemental response, the affidavit of G. D. Walker, the depositions of C. H. Ward and Milton Caven and the stipulation of counsel as to the testimony of Milton Caven, finds that said motion should be granted.''

The court further ordered that the plaintiff, together with his attorneys and a photographer and one expert witness, shall have access to defendant's plant and premises for the purpose and in accordance with the terms expressed in the order. They shall have the right to examine those parts of said plant and premises which are alleged in the complaint to be defective and unsafe, and shall be permitted to take photographs and make such measurements of those parts of the premises referred to in the complaint as may be necessary to present the facts with regard to same to the court and jury in the trial of this cause, and that the expert witness shall be permitted to make such observations of those parts of the plant which are alleged in the complaint to be unsafe or improperly constructed or safeguarded, as will permit him to obtain the information necessary to testify as an expert. The order contained a provision to the effect that it does not permit the plaintiff or any other person authorized to accompany him to interfere in any manner with the operation of the plant, and shall give the defendant, through its attorneys, two days' notice of his intention to make the inspection, and the defendant shall have the opportunity to have its plant engineer or others present, and one of its attorneys during the examination.

The defendant at the time, objected and excepted to said order, and filed its petition in this court for a writ of prohibition, to which a response was filed.

The petitioner argues that the circuit court has no power or is acting in excess of its jurisdiction in issuing the order.

The plaintiff's petition in the lower court was not a bill of discovery, but a petition to be permitted to inspect the parts of the machinery that he alleged in his complaint were defective or negligently installed. The law applicable is stated in 17 Am. Jur., 17, as follows: "In negligence actions the courts have in a number of instances exercised the power of ordering the defendant to permit an inspection of the appliance alleged to have caused injury to the plaintiff or his decedent or of the premises upon which the injury occurred. The courts are rather liberal in granting such orders where the injury is to an employee of the defendant. Thus, it has been held that a court of general jurisdiction has inherent authority to require an employer to admit his injured employee to his premises with experts and photographers to take measurements and photographs for the purpose of preparing for trial an action for personal injuries, notwithstanding the constitutional provision securing persons from unreasonable searches and seizures"

The circuit court is a court of original and general jurisdiction, and has the inherent power to order an examination or inspection of the machinery or an examination of the plaintiff in a personal injury suit, and there is no difference in the power of the court to permit an inspection of machinery or an examination of the plaintiff in a personal injury action.

The Supreme Court of Missouri said: "No one at this late day questions the power of the circuit court to order the injuries of a plaintiff complained of, in a damage suit, to be examined by physicians so that they may testify to the character and extent of those injuries, and for stronger reasons the power of the court to make and enforce an order of the character here complained of should go unchallenged, because one's person and his personal rights have under all laws, human and divine, been held more sacred, in higher esteem, better shielded and protected than mere property and property rights; so, if the defendant in this case is entitled to have the plaintiff's injuries examined by experts, as previously

stated, then *a fortiori* the plaintiff should be entitled to have experts examine the premises and machinery mentioned in this case." *State* v. *Anderson,* 270 Mo. 533, 194 S. W. 268, L. R. A. 1917E, 833.

The Supreme Court of Minnesota said: "To allow the plaintiff in such cases, if he sees fit to display his injuries to the jury, to call in as many friendly physicians as he pleases, and have them examine his person, and then produce them as expert witnesses on the trial, but at the same time deny to the defendant the right in any case to have a physical examination of plaintiff's person, and leave him wholly at the mercy of such witnesses as the plaintiff sees fit to call, constitutes a denial of justice too gross, in our judgment, to be tolerated for one moment." *Wanek* v. *City of Winona,* 78 Minn. 98, 80 N. W. 851, 46 L. R. A. 448, 79 Am. St. Rep. 354; *Johnson* v. *So. Pac. Co.,* 150 Cal. 535, 80 P. 348, 11 Ann. Cas. 841.

There is no question of the court's power to order the inspection, and we think in this case he did not exceed his jurisdiction.

This court said, in the case of *Weaver* v. *Leatherman,* 66 Ark. 211, 49 S. W. 977: "The writ of prohibition is not a writ of right, but of discretion in the supervisory court, and, 'like all other extraordinary remedies, prohibition is granted only in cases where the usual and ordinary forms of remedy are insufficient to afford redress. And it is a principle of universal application, and one which lies at the very foundation of the law of prohibition, that jurisdiction is strictly confined to cases where no other remedy exists, and it is always a sufficient reason for withholding the writ that the party aggrieved has another and complete remedy at law. The doctrine holds good, even though the order of the court which is sought to be stayed or prevented is erroneous'."

We think the principle announced by the Minnesota Supreme Court in the case above quoted is correct and is applicable here. To allow the defendant in such cases, if he sees fit, to have his machinery examined by friendly

experts, and then call as many of these as it pleases as expert witnesses on the trial, but at the same time to deny the plaintiff the right to have an examination of the machinery, as asked for in this application, and leave the plaintiff wholly at the mercy of such witnesses as the defendant sees fit to call, we think constitutes a denial of justice and will not be tolerated.

Since the writ of prohibition is a writ of discretion and not a writ of right, it will be denied.

It is so ordered.