## LEE CRAWFORD V. THE STATE.

No. 22423. Delivered March 24, 1943.

The opinion states the case.

*J. Mitch Johnson,* of San Saba, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The appeal is from a fine of $100.00 on a charge of a violation of the liquor laws.

An inspector of the Texas Liquor Control Board approached appellant, stopped on the street, got out of his car and asked him if he had any liquor. To this question he received a negative reply. At that, the witness asked if he had any in his car, and using a flash light saw a bottle of whisky lying in view on the seat of the car. He took it out and carried appellant to jail. Upon the trial, the whisky was exhibited to the court and the bottle described.

The bills of exception in the case complain of the evidence on the ground that the officer had no search warrant, and there arises the question as to the authority of the officer to take the whisky and the right of the State to utilize the testimony with

reference to it. We think the evidence was admissible. In Mims v. State 1 S. W. (2d) 303, officers were watching for the appellant when he approached, hitched his horse and walked away. They discovered a jug hanging on the saddle. This was held to be probable cause for their suspicion that it contained liquor and was a basis for the right to investigate and to offer the liquor in evidence.

A more exhaustive opinion by Judge Morrow is found in Hurst v. State 13 S. W. (2d) 95. The accused was seen in the roadway trying to push along a stalled car which was moving slowly. The officers observed a fruit jar in the car which contained a colored liquid having the appearance of whisky. This led to questioning and then the officers discovered the odor of whisky. The accused denied having it and tried to throw the officers off but they pursued their search, resulting in finding a large quantity of liquor in the back of the car. We quote from that opinion as follows: "It has been said that 'probable cause' consists of 'a reasonable ground of *suspicion*, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person accused is guilty of the offense with which he is charged.' Such is the language of the Supreme Court of this state in the case of Landa v. Obert, 45 Tex. 539. It has been adopted as the proper definition of 'probable cause' in many recent cases. Among them are Battle v. State, 105 Tex. Cr. R. 568, 290 S. W. 762; Odenthal v. State, 106 Tex. Cr. R. 1, 290 S. W. 743. It is a definition of the term 'probable cause' according with that of the Supreme Court of the United States contained in Carroll v. United States, 267 U. S. 132, 45 S. Ct. 280, 69 L. Ed. 543, 39 A. L. R. 790."

Appellant makes no denial of the statements made by the investigator which gave rise to his suspicion and consequently there was no issue on that question. The question of law based upon the undisputed facts in this case was for the court, who properly concluded that there was probable cause for the search. See Cornelius on Search and Seizure, 1st Edition, page 135, section 33, with notes on succeeding pages.

A question is presented on the sufficiency of the evidence. The contents of the bottle in the pocket of appellant when approached by the officer is not revealed by the record. The size of the bottle lying on the seat which was exhibited in the court room is not given and it does not appear how much whisky was in it. We find no evidence that appellant had sold any whisky or was offering it for sale. As it appears in the record, the evidence is

insufficient to make a prima facie case, for which reason we find it necessary to reverse the case on the ground of the insufficiency of the evidence.

The judgment of the trial court is reversed and the cause remanded.