

### THE ATTORNEY GENERAL
### OF TEXAS

AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

December 30, 1947

Hon. John M. Steele
County Attorney
Lubbock County
Lubbock, Texas

Opinion No. V-468

Re: The legality of search-
ing an automobile for
liquor without a search
warrant upon probable
cause.

Dear Sir:

Reference is made to your request for an opinion
on the above-captioned subject. You have indicated in your
request that you view the decisions on the subject as be-
ing in conflict. It is our opinion that the present per-
tinent statute and the decisions thereon are reconcilable.

You have indicated the cases of Weeks v. State,
106 S. W. (2d) 275 and Waltrip v. State, 114 S. W. (2d)
555 as being authority for precluding search of an auto-
mobile for liquor without a search warrant upon probable
cause, and as being irreconcilable with the holding in
Bullock v. State, 16 S. W. (2d) 1077.

The Bullock Case cited by you was decided in
1929 under prohibition when the offense was a felony, and
a penitentiary sentence was assessed therein; so clearly
there was authority to arrest and search without a war-
rant at that time.

In both the Weeks Case and the Waltrip Case
the objection of the Court was to the <u>arrest</u> of the <u>de-
fendant</u> without a warrant, preceding or accompanying the
search of the automobile and the seizure of the liquor,
which vitiated the search of the automobile and precluded
the introduction of evidence seized thereunder.

We quote the significant language in Waltrip v.
State, supra, which parallels the holding in Weeks v.
State, supra, as follows:

"Therefore, we must hold that the arrest
of appellant was without authority, and, this
being the case, a subsequent search of appel-
ants automobile was likewise without authority.

Weeks vs. State, 132 Tex. Cr. R. 524, 106 S.W.
(2d) 275."

In discussing the problem with particular refer-
ence to the cases you have cited, the Court of Criminal
Appeals in Cothren v. State, 136 Tex. Cr. R. 463, 126
S. W. (2d) 32, held as follows:

"Appellant cites Moss v. State, Tex. Cr.
App., 117 S. W. 2d 428, and Weeks v. State,
132 Tex. Cr. R. 524, 106 S. W. 2d 275, to
support his position that the arrest was il-
legal. Weeks' case was decided in May, 1937,
and Moss' case in 1938 on a transaction which
occurred in March, 1937. At the time the
offense in each of the cases mentioned oc-
curred the Legislature had not authorized
arrests without warrant for the offense here
charged, hence the holding that the arrests
in the foregoing cases were illegal. By Act
of the 45th Legislature, page 1089, Sec. 30,
Art. 1, Ch. 467, Acts of 2d C. S., 44th
Legislature, was so amended as to authorize
an arrest for the offense here charged with-
out a warrant. The amended statute became
operative on September 1, 1937, and was ef-
fective when the arrest here was made on
April 12, 1938. The amended law is carried
forward in Vernon's Tex. P. C. Vol. 1, as
Art. 666-30. For opinion making applica-
tion of the present statute see Eproson v.
State, Tex. Cr. App., 120 S. W. 2d 1073.
The arrest of appellant being legal the
search of his car was authorized. Linthicum
v. State, 134 Tex. Cr. R. 608, 116 S. W.
2d 714 and many authorities therein cited.
The amended statute just referred to also
authorizes the search and seizure 'without
warrant' of all contraband liquor. Under
the two provisions pointed out it occurs to
us that officers now have the same right to
search a vehicle upon probable cause as un-
der the former state-wide prohibition law,
that is, where the searching officer prior
to the search has knowledge or information
of the facts constituting probable cause.
The subject will be found treated in 38 Tex.
Jur., Secs. 60-68, p. 85 etc. with many

cases annotated in the footnotes which il-
lustrate our holding upon the phrases
arising under varying facts."

Of similar import see the decision of the Court
of Criminal Appeals in Moss v. State, 136 Tex. Cr. R. 36,
123 S. W. (2d) 355, (not to be confused with the case
reported in 117 S. W. (2d) 428) holding Art. 666-44
V.P.C., as it now reads, authorizes arrest without a
warrant in cases of search of an automobile for liquor.

Since the foregoing expressions of the Court of
Criminal Appeals, the Court has repeatedly upheld the
search of an automobile without a search warrant for liq-
uor upon probable cause, as it had theretofore done upon
many occasions. Burns v. State, 141 Tex. Cr. R. 557,
150 S. W. (2d) 38; Crawford v. State, 145 Tex. Cr. R.
497, 169 S. W. (2d) 719; Long v. State, _____ Tex. Cr. R.
_____, 196 S. W. (2d) 635. In none of the foregoing
cases was the question of arrest without a warrant
raised as vitiating an accompanying or preceding search
of an automobile for liquor, the only question being the
introduction of evidence seized as the result of the
search of the automobile.

It is our opinion that Article 666-44, V. P.
C., as amended by Acts 1937, 45th Leg., p. 1053, ch.
448, is determinative of the problem of the search of
an automobile for liquor without a search warrant upon
probable cause. We reach this conclusion since, under
the foregoing cases, there is no question of arrest with-
out a warrant vitiating such search accompanying, pre-
ceding or subsequent to the arrest. We quote the per-
tinent portion of Art. 666-44, V. P. C.

"It is further provided that if any wagon,
buggy, automobile, water or aircraft, or any
other vehicle is used for the transportation
of any illicit beverage or any equipment de-
signed to be used for illegal manufacturing of
illicit beverages, or any material of any kind
which is to be used in the manufacturing of
illicit beverages, such vehicle together with
all such beverages, equipment or material
shall be seized without warrant by any repre-
sentative of the Board or any peace officer
who shall arrest any person in charge thereof."

Hon. John M. Steele, Page 4   V-468

## SUMMARY

An automobile may be searched without a search warrant for liquor upon probable cause by any representative of the State Liquor Control Board or any peace officer. Article 666-44, V. P. C.; Moss v. State 136 Tex. Cr. R. 36; 123 S. W. (2d) 355; Burns v. State, 141 Tex. Cr. R. 557, 150 S. W. (2d) 38; Crawford v. State 145 Tex. Cr. R. 497, 169 S. W. (2d) 719; Long v. State, ___ Tex. Cr. R. ___, 196 S. W. (2d) 635; 38 Tex. Jur. Sec. 60, page 85.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By      *Dean J. Capp*
Dean J. Capp
Assistant

APPROVED:

*Price Daniel*
ATTORNEY GENERAL

DJC:rt:bb