## CLYDE SHAFER v. THE STATE.

No. 23914. Delivered February 11, 1948.
Rehearing Denied March 31, 1948.

*Gib Callaway*, of Brownwood, for appellant.

*Ernest S. Goens*, State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of a violation of the liquor laws in a dry area and by the jury assessed a fine of $200.00.

Appellant objected to the charge of the trial court alleging, among other things, that an improper penalty was submitted to the jury in that Art. 666-41, Vernon's Ann. Tex. P. C., does not apply herein, but that Art. 666-4, as amended by the Acts of the 48th Legislature, Regular Session, (1943), Chap. 211,

page 340, provides a specific penalty of a fine of not more than $50.00 for a conviction for the possession of intoxicating liquor for the purpose of sale in a dry area.

The original enactment relative to the unlawful possession of intoxicating liquor, passed in 1935 by the 44th Legislature, provided in Art. 666-4, Vernon's Ann. P. C., allowing certain privileges to persons in this state relative to the handling of intoxicating liquors, provided same is done in accordance with certain regulations set forth in such bill. Section (a) thereof provides for the necessity of procuring a permit to handle, process, etc., liquor in a wet area. Section (b) prohibits the handling, sale, processing, brewing, importing, etc., of intoxicating liquor in a dry area; and no further regulations appeared therein. The 48th Legislature amended this subdivision 4 of Art. 666, supra, by adding new sections (4)c and 4(d) which provide in substance that it shall be unlawful to consume or have in one's possession for consumption any intoxicating liquor in any public place on Sunday between the hours of 12:15 A. M., and 1:00 P. M., and on all other days at any time between the hours of 12:15 A. M., and 7:00 P. M. Section (2) of such amendment of Section (c) provides for the seizure of such liquor and the arrest of the offender both without warrant of arrest. Section (3) thereunder provides as follows:

"Any person who violates any provision of this Section shall be guilty of a misdemeanor, and upon conviction, shall be punished by a fine not exceeding Fifty Dollars ($50)."

Section 4(d) provides for the quantum of proof demanded in a conviction for the unlawful consumption of whisky in violation of the preceding Section 4(c).

The amendment then proceeds to lay down other and further rules regulating the hours, places, and sales of liquor, as well as the regulation on election days, Sundays, sales to minors, and other matters not germane to this discussion.

Appellant denies that Art. 666-41, Vernon's Ann. P. C., has any bearing herein as to the penalty for an unlawful sale or possession for sale of liquor in a dry area, but that same has been superseded by Section 4(c) (3) of Art. 666-4, as above quoted. With this view we do not agree. In support of our contention, we refer to the emergency clause of the Acts of the 48th Legislature, p. 342, in which it is said:

"The fact that the common welfare and peace of the people

of this State are being daily jeopardized by the unrestricted hours in which alcoholic beverages are sold, and that there are inadequate remedies in existing law to prevent the sale of alcoholic beverages under conditions and circumstances contrary to the public interest, and that it is in the interest of the people to establish speedy restraints upon persons indulging excessively in alcoholic beverages creates an emergency," etc.

At the time of the passage of the Act of the 48th Legislature, this court had construed the penalty clause for all violations of Article 1 of such laws as being present in Art. 666-41, Vernon's Ann. P. C. See 1947 Pocket Part of such Code, pages 166 and 167. The Legislature was doubtless familiar with this court's construction of such statute, and in the caption of the Act of the 48th Legislature, no mention was made of a change in the punitive portion of Article 666 and its different subdivisions or sections, but it merely intended to and did add thereto other and further acts that would be unlawful, such as the consumption, etc., of intoxicating liquor in a public place during certain hours on Sunday, as well as certain hours during the nighttime. To these added sections were then provided what the Legislature conceived to be a proper penalty which was not more than a fine of $50.00 for such unlawful conduct. However, the statute itself limits such $50.00 fine to Sections 4(c) (1) and (2) and does not affect the general punitive statute for a sale or possession for the purpose of sale, of such liquor in a dry area, as made unlawful in Art. 666-4(b) and punished in Art. 666-41, supra.

Bill of Exception No. 1 complains because the County Attorney asked one of the jurors on his voir dire whether he was a customer of appellant, which question was construed by appellant to mean a customer relative to the purchase of whisky. Upon the asking of such question, appellant moved for a mistrial, which was refused by the trial court, and an exception was taken thereto. It is shown by the qualification of the bill that appellant's attorney questioned each juror relative to this remark, and they all stated that such question would not prejudice them or have any weight with them in the trial of the case. While the County Attorney might have been a little overzealous, nevertheless, we can see no harm resulting from such question.

Bill No. 2 is an exception to the County Attorney proving by the sheriff that he apprehended the appellant near a creek or ravine called "Whiskey Hollow". Such place seemed to be

commonly known as such, and near there appellant was arrested in his car with some whisky. We think that the name of such place, while probably immaterial, could not have reasonably had any bearing on the appellant's guilt or innocence. Therefore, the bill is overruled.

It is shown by the proof that the sheriff had received some information relative to some whisky, and in following up that information the sheriff and his wife were driving down a narrow road near "Whiskey Hollow"; that he saw appellant coming up said narrow road and drew to one side; that as appellant passed the sheriff, he heard some bottles rattling and then told appellant to stop; that appellant stopped and the sheriff asked him if he had any whisky in his car, and appellant answered that he had some in a sack in the back of the car. The sheriff found a sack with one quart and three pints of whisky therein. This arrest is complained of because the sheriff had no search warrant nor warrant of arrest. We think the doctrine of probable cause would sustain this arrest and detention of appellant. See Crawford v. State, 145 Tex. Cr. R. 497, 169 S. W. (2d) 719; Long v. State, 149 Tex. Cr. R. 483, 195 S.W. (2d) 635; Parker v. State, 142 Tex. Cr. R. 50, 151 S. W. (2d) 205. It is shown not only that appellant told the sheriff that he had whisky in the car, but the sheriff testified that as appellant's car passed him, he heard the "clinking" of some bottles therein.

The sheriff also testified that he had information that the defendant was going out this road after some whisky. The witness was then asked as to who gave him this information, and he refused to give his informer's name. Appellant's attorney requested the court to compel the witness to give the name of such informer, which the trial court refused to do, and this refusal is the basis of Bill No. 4. We can see no necessity for causing the sheriff to name such informer. To have done so would doubtless have violated a confidence and also would probably have closed some avenues of information so valuable to peace officers.

We find no error evidenced in the record, and the judgment is accordingly affirmed.

### ON MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

Appellant insists that the Act of the 48th Legislature, (1943) R. S. p. 340, Ch. 221, changed the penalty for the offense

of which he was convicted to a fine not exceeding $50.00, and either had the effect of repealing the penalty provided in Art. 666-41, Vernon's Texas P. C., Act of 44th Legislature, (1935) 2d C. S. p. 1795, Ch. 467, or provides a different penalty for the same offense, rendering both penalties inoperative. The general penalty of a fine of not less than $100.00 nor more than $1,000.00, or imprisonment in jail for not more than a year, was affixed to a violation of any provision of the Act *"for which a specific penalty"* was not provided.

It must be remembered that appellant was charged with and convicted of possessing whisky for the purpose of sale in a dry area, to which offense the general penalty applied.

The Acts of the 48th Legislature (supra) amended the Liquor Control Act by the addition of a new Section 4 (*c*), which reads as follows:

"(1) It shall be unlawful for any person to consume any alcoholic beverage in any public place, or for any person to possess any alcoholic beverage in any public place for the purpose of consuming the same in such public place, at any time on Sunday between the hours of 1:15 a. m. and 1:00 o'clock p. m., and on all other days at any time between the hours of 12:15 a. m. and 7:00 o'clock a. m.

"(2) Any alcoholic beverage possessed in violation of this Section is declared to be an illicit beverage and may be seized without warrant to be used as evidence of a violation of law, and any person in possession thereof or who otherwise violates any provision of this Section may be arrested without warrant.

"(3) Any person who violates any provision of this Section shall be guilty of a misdemeanor, and upon conviction, shall be punished by a fine not exceeding Fifty Dollars ($50)."

It will be noted that subdivision (1) provides that it shall be unlawful to *consume* any alcoholic beverage in a public place, or to *possess* it in such place *for the purpose of consumption,* during certain hours and on certain days, and does not cover the act of possessing it for the *purpose of sale.* Subdivision (3) of said amendment fixes the punishment for a violation of the acts prohibited in "Section 4 (c)" at a fine not to exceed $50.00.

If appellant had been charged with consuming liquor, or possessing it for the purpose of consumption in a public place at the time designated, there would be some merit in the con-

tention that the wrong penalty was charged, because a special penalty is fixed to the acts last mentioned.

The case of Morgan v. State, 135 Tex. Cr. R. 645, 122 S. W. (2d) 318, upon which appellant relies has no application in the present case. There the same act was denounced as an offense in two provisions of the statute, and different penalties provided. Such is not the case here.

The motion for rehearing is overruled.