HARVEY S. SKAGGS V. STATE.

No. 25677. February 27, 1952.
Rehearing Denied April 16, 1952.

Hon. Dean Gauldin, Judge Presiding.

*Milton K. Norton* and *John B. Hainen,* Dallas, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is the sale of wine without a permit in a wet area, as denounced by Article 666-4a; the punishment, a fine of $100.00. A stipulated statement of facts shows a sale of wine in a wet area without a permit. Appellant did not testify, nor did he offer any witnesses in his behalf.

The sole question presented for review is the jurisdiction of the County Criminal Court of Dallas County to try such an offense. It is appellant's contention that, since Article 666-4(3) provides for punishment by fine not exceeding $50.00, the jurisdiction for the offense charged herein should have been in the Justice Court.

In Shafer v. State, 151 Tex. Cr. R. 558, 209 S. W. (2d) 599, we had an occasion to discuss this same contention and, at that time, carefully analyzed the question and feel that it is controlling herein.

It will further be noted that Article 52-159a, Section 2, C. C. P., which created County Criminal Court No. 2 of Dallas

County, vested in said court the same criminal jurisdiction as is vested in county courts under the Constitution and laws of this state. Construing Article 56, C. C. P., this court has repeatedly held that county courts have concurrent jurisdiction with justice courts of misdemeanors cognizable in justice courts.

Such a finding disposes of appellant's one bill of exception.

Finding no reversible error, the judgment of the trial court is affirmed.

### ON APPELLANT'S MOTION FOR REHEARING.

WOODLEY, Judge.

Appellant urges that the punishment for the offense charged is by fine not exceeding $50 as provided in Sec. 3 of Art. 666-4(c), Vernon's Ann. P. C.

In Shafer v. State, 151 Tex. Cr. R. 558, 209 S.W. (2) 599, we held that such fine was applicable only to violations of Sec. 4(c) of said Art. 666, Vernon's Ann. P.C.

This prosecution was under Sec. 4(a) of Art. I, Ch. 467, Acts of the 44th Leg., 2nd C.S., as last amended by S.B. 117, Acts of the 48th Leg., Ch. 325, Sec. 2, p. 509. (Art. 666-4(a), Vernon's Ann. P. C.).

The punishment provided for the offense charged is fixed in Sec. 8 of the amended act, (Art. 666-41, Vernon's Ann. P.C.), at a fine of not less than $100 nor more than $1000 or by imprisonment in jail for not more than one year or by both such fine and imprisonment.

A close examination of Art. 666-4, Vernon's Ann. P.C., will reveal that subsection (a) of said article was passed in the Legislature as a separate act from subsection (c) of said article. The act containing subsection (a) is found in Ch. 325, Acts of the 48th Leg., whereas subsection (c) is found as a part of Ch. 221, Acts of the 48th Leg. These two acts were compiled by Vernon under the same article.

Appellant's motion for rehearing is overruled.

Opinion approved by the court.