CORNELIUS HILL V. STATE

No. 28,757. January 16, 1957.

C. C. *Divine,* Houston, for appellant.

*Dan Walton,* District Attorney, *Eugene Brady* and *Thomas D. White,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The complaint and information alleged that appellant unlawfully sold whisky in a wet area without first having procured a permit to sell such liquor from the Texas Liquor Control Board, or from the administrator of such board.

The offense charged is defined in Art. 666-4(a) V.A.P.C., and the court, upon appellant's plea of guilty, entered judgment assessing the punishment at four months in jail, which is within the terms of Sec. 41 of Art. 666 V.A.P.C.

The sole question raised on the appeal is the contention that the punishment applicable to the offense is a fine of not more than $50 as provided in Art. 666-4(c), Par. 3, V.A.P.C.

Art. 666-4(c) is a separate section from Art. 666-4(a) and the punishment provided in Par. 3 of Art. 666-4(c) applies alone to the offense defined in Paragraph 1 of said Section of

Art. 666-4(c) V.A.P.C. (H.B. 8, Acts 48th Leg., p. 339, Ch. 221, Sec. 1.)

The trial court did not err in applying the punishment fixed in Art. 666-41, V.A.P.C., such being the punishment provided for the violation of any provision of Article 666 for which a definite punishment is not provided. (S.B. 117, Acts 48th Leg., p. 509, Ch. 325, Sec. 8) Hill v. State, 162 Texas Cr. Rep. 331, 290 S.W. 2d 677; Skaggs v. State, 157 Texas Cr. Rep. 195, 247 S.W. 2d 906; Shafer v. State, 151 Texas Cr. Rep. 558, 209 S.W. 2d 599.

The judgment is affirmed.